# EXHIBIT A

FILED
03-02-2022
George L. Christenson
Clerk of Circuit Court
2022CV001342
Honorable Laura Gramling
Perez-32
Branch 32

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

KOREA ADVANCED INSTITUTE OF
SCIENCE AND TECHNOLOGY
291 Daehak-ro, Yuseong-gu
Daejeon 34141, Republic of Korea,

        Plaintiff,

v.

KIP CO., LTD. f/k/a KAIST IP Co., Ltd.
A405-ho, Admin-BD,
193 Munji-ro, Yuseong-gu,
Daejeon, 34051, Republic of Korea,

P&IB CO., LTD.
517-ho, 7, Beobwon-ro 11-gil, Songpa-gu
Seoul, Republic of Korea,

IN GYOO KANG
A405-ho, Admin-BD,
193 Munji-ro, Yuseong-gu,
Daejeon, 34051, Republic of Korea,

KIPB LLC f/k/a KAIST IP US LLC
2591 Dallas Parkway, Suite 300
Frisco, Texas,

PAULINA FUNDINGCO, LLC
10 Bank Street, Suite 560
White Plains, New York 10606,

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for US Bank TFM Escrow Account
777 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202,

        Defendants.

Case No. _____
Case Codes: 30301, 30701, 30704,

---

**SUMMONS**

---

1

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Milwaukee County Courthouse, Milwaukee County Clerk of Circuit Court, 901 North 9th Street, Room 104, Milwaukee, Wisconsin 53233, and to Gass Turek LLC, Plaintiff's attorneys, whose address is 241 N. Broadway, Suite 300, Milwaukee, Wisconsin 53202. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 2nd day of March 2022.

GASS TUREK LLC

_[signature]_

Daniel A. Manna, SBN 1071827
Jerome C. Mohsen, SBN 1097525
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
Tel: 414-223-3300
Fax: 414-224-6116
manna@gassturek.com
mohsen@gassturek.com

*Attorneys for KOREA ADVANCED
INSTITUTE OF SCIENCE AND
TECHNOLOGY*

3

FILED
03-02-2022
George L. Christenson
Clerk of Circuit Court
2022CV001342
Honorable Laura Gramling Perez-32
Branch 32

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

KOREA ADVANCED INSTITUTE OF
SCIENCE AND TECHNOLOGY
291 Daehak-ro, Yuseong-gu
Daejeon 34141, Republic of Korea,

          Plaintiff,

v.

KIP CO., LTD. f/k/a KAIST IP Co., Ltd.
A405-ho, Admin-BD,
193 Munji-ro, Yuseong-gu,
Daejeon, 34051, Republic of Korea,

P&IB CO., LTD.
517-ho, 7, Beobwon-ro 11-gil, Songpa-gu
Seoul, Republic of Korea,

IN GYOO KANG
A405-ho, Admin-BD,
193 Munji-ro, Yuseong-gu,
Daejeon, 34051, Republic of Korea,

KIPB LLC f/k/a KAIST IP US LLC
2591 Dallas Parkway, Suite 300
Frisco, Texas,

PAULINA FUNDINGCO, LLC
10 Bank Street, Suite 560
White Plains, New York 10606,

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for US Bank TFM Escrow Account
777 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202,

          Defendants.

Case No. _____
Case Codes: 30301, 30701, 30704

---

**VERIFIED COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF**

---

The Korea Advanced Institute of Science and Technology ("KAIST"), by and through its counsel at Gass Turek LLC, states the following allegations in support of its Complaint against Defendants KIP Co., Ltd. f/k/a KAIST IP Co., Ltd. ("KIP"), P&IB Co., Ltd. ("P&IB"), In Gyoo Kang (also known as In-Kyu Kang), KIPB LLC f/k/a KAIST IP US LLC ("KIPB"), Paulina FundingCo, LLC ("Paulina"), and U.S. Bank National Association ("U.S. Bank").

### Nature of this Action

1.     KAIST seeks a declaratory judgment pursuant to Wis. Stat. § 806.04 and injunctive relief in connection with a U.S. Bank trust fund holding proceeds from settlement of litigation involving one of KAIST's patents. KAIST is entitled to a significant portion of the proceeds pursuant to contracts with KIP, but KIP has improperly diverted $24 million to Paulina and may imminently divert millions more.

2.     KIP and KAIST entered into a revenue sharing agreement relating to the proceeds of the patent litigation but did not inform KAIST that it had a secret deal with Paulina to finance the patent litigation in exchange for an exorbitant share of the proceeds.

3.     KAIST only learned of the deal with Paulina after Paulina compelled KIP to arbitrate the amount of settlement proceeds to be paid to Paulina. KIP has neither kept KAIST apprised of arbitral proceedings nor involved KAIST in settlement discussions with Paulina.

4.     Any proceeds KIP diverts to Paulina will irreparably harm KAIST since KAIST cannot recover them from Paulina and KIP has no assets aside from the patent license agreement.

5.    To protect KAIST's rights and avoid an inequitable result, the U.S. Bank trust fund must be frozen until the rights among and between the parties can be established in this action.

**The Parties**

6.    KAIST is a national research university established by the Korean government in 1971 as the nation's first public, research-oriented science and engineering institution. KAIST's campus and principal place of business is at 291 Daehak-ro, Yuseong-gu, Daejeon 34141, Republic of Korea.

7.    KIP, formerly known as "KAIST IP Co.," is a corporation organized under the laws of the Republic of Korea with its principal place of business at A405-ho, Admin-BD, 193 Munji-ro, Yuseong-gu, Daejeon, 34051, Republic of Korea.

8.    P&IB is a corporation organized under the laws of the Republic of Korea and part owner of KIP. P&IB's principal place of business is 517-ho, 7, Beobwon-ro 11-gil, Songpa-gu, Seoul, Republic of Korea.

9.    In Gyoo Kang, also known as In-gyoo Kang, is the Chief Executive Officer of P&IB and part owner of KIP. He is a citizen of the Republic of Korea. His address for service of process is A405-ho, Admin-BD, 193 Munji-ro, Yuseong-gu, Daejeon, 34051, Republic of Korea.

10.    KIPB is a limited liability company organized under the laws of the State of Texas. KIPB's address registered with the Texas Comptroller of Public Accounts is 2591 Dallas Parkway, Suite 300, Frisco, Texas. KIPB's registered agent is Incorp Services, Inc., whose address is 815 Brazos St., Ste 500, Austin, TX 78701.

3

11.     Paulina is a limited liability company organized and existing under the laws of the State of New York. Paulina's registered agent is United Corporate Services, Inc. at 10 Bank Street, Suite 560, White Plains, NY 10606.

12.     U.S. Bank is a national association that does substantial business in Wisconsin. Its registered agent is C T Corporation System, 301 S. Bedford St., Suite 1, Madison, Wisconsin 53703.

## Jurisdiction and Venue

13.     This Court has jurisdiction over this matter under Wis. Stat. § 801.07 because the Trust is held in this state, several defendants claim an interest in the Trust, and the relief demanded consists wholly or partially in excluding the defendants from their claimed interests therein.

14.     Jurisdiction is also proper pursuant to Wis. Stat. § 801.07(6)(c) because the Trust funds were in this state when U.S. Bank acquired possession and control over them and KAIST seeks the accounting of those funds to KAIST.

15.     Jurisdiction is also proper pursuant to Wis. Stat. § 701.0202(2) because Wisconsin is the principal place of administration of the Trust.

16.     This action properly lies in Milwaukee County pursuant to Wis. Stat. § 801.50(2)(b) because the Trust is situated here.

4

## Factual Background

### KAIST Patents FinFET Technology and Forms KIP

17.    KAIST owns Korean patent number 10-0458288 for the fin field-effect transistor (FinFET), a component manufactured mostly in the Republic of Korea used for modern nanoelectric semiconductor devices.

18.    Since FinFET technology became available in the mid-2000s, large companies such as Apple and Samsung have relied on it to manufacture their consumer electronics products.

19.    For roughly a decade after becoming aware of FinFET technology, the companies using it did so without permission from the Korean the patent holder, KAIST.

20.    In 2012 Jong-Ho Lee, who was involved in developing the FinFET technology, approached P&IB to find a solution to enforce the FinFET patent. P&IB suggested to KAIST that a company be created for that purpose. P&IB and KAIST incorporated KIP as KAIST IP Co., Ltd. for the purpose of generating revenue through utilization of KAIST intellectual property.

21.    In a Business Agreement dated July 2, 2012, KIP (referred to in the contract as KAIST-IP CO., Ltd.) agreed to "actively utilize the grant of exclusive license or assignment of rights from KAIST to focus the efforts on generating the maximum revenue possible" from intellectual property owned by KAIST.[1]

---

[1] Unless otherwise indicated, all the contracts referred to in this Verified Complaint are Korean-language documents. All references and quotations are to certified translations provided by GNS Co., Ltd.

5

22.     Article 6 of the July 2, 2012 Business Agreement (titled "Fiduciary Duty"), required KIP to "perform in in good faith on each tasks defined in this agreement, and focus the efforts on completing the tasks as quickly as possible."

23.     In Article 9 of the July 2, 2012 Business Agreement (titled "Discussions"), KIP and KAIST agreed that "[m]atters not stated in this agreement shall be discussed mutually by KAIST and [KIP] under the intention of accomplishing the purpose of this agreement to find the solution."

24.     The initial term of the July 2, 2012 Business Agreement ended July 2, 2015, but automatically extended every two years thereafter pursuant to Article 4.

**KIPB Wins the FinFET Patent Litigation**

25.     In July 2016, KIP organized subsidiary KAIST IP US LLC (now known as KIPB) under the laws of the State of Texas. Jong-Ho Lee assigned his rights associated with the U.S. FinFET patent to the new LLC, which KIP wholly owns.

26.     Four months after it was organized, KIPB sued several Samsung corporate entities, Global Foundries U.S. Inc., and Qualcomm Inc. in the United States District Court for the Eastern District of Texas for infringement of the U.S. FinFET patent, No. 6,885,055. (the "Infringement Lawsuit").

27.     On June 15, 2018, the jury in the Infringement Lawsuit found that Samsung had willfully infringed on the FinFET patent and awarded KIPB a royalty of $400 million.

28.     On February 13, 2020 the district court in the Infringement Lawsuit found that the evidence did not support an award higher than $101,501,708 and that an enhancement of double the damages amount was appropriate under 35 U.S.C. § 284.

6

29.     KIPB accepted the new judgment amount of $203,003,416 on February 19, 2020 and the district court denied a new trial on damages, resulting in the entry of final judgment on February 21, 2020.

**P&IB, KIP, and KAIST Sign
Management and Revenue Sharing Agreements**

30.     During the pendency of the Infringement Lawsuit, P&IB, KIP, and KAIST sought to formalize the manner in which KAIST would receive revenue from the use of its intellectual property by KIP.

31.     The discussion between P&IB, KIP, and KAIST regarding revenue sharing resulted in the execution of two contracts on October 2, 2019.

32.     The first contract was between KAIST and P&IB and entitled "Basic Agreement for Management of KIP Co., Ltd." (the "Management Agreement"). The Management Agreement changed ownership of KIP from 65% KAIST/35% P&IB to 48.5% KAIST/48.5% P&IB/3% CEO of KIP.

33.     Article 5 of the Management Agreement requires KIP to consult with KAIST before taking any steps to generate revenue using KAIST's intellectual property.

34.     Article 5 also provides that expenses for generating revenue shall only be recognized "when there is evidence for generating the revenue." This means that the parties will only recognize expenses as valid if they are necessary to generate revenue.

35.     Article 5 further provides that revenue sharing shall be performed immediately for each instance of revenue generation using KAIST's intellectual property.

36.     Article 6 of the Management Agreement requires KIP to obtain KAIST's informed consent and approval before proceeding with any revenue generating activity.

7

Paragraphs 2 and 3 of Article 6 explain that KAIST shall review information relating to potential revenue generation and KIP may not move forward without KAIST's approval:

> 2. KAIST shall review the existence of existing contract, possibility of winning the lawsuit and any obstacles immediately after receiving the notification as stated in the previous Paragraph, and approval shall be notified to KIP.
> 3. KIP shall not be able to perform the task on generating revenue when KAIST did not receive the prior approval document.

37.    Article 10 of the Management Agreement states that an "[a]greement on the revenue sharing related to the FinFET patent litigation currently in progress shall be prepared with the separate agreement."

38.    The agreement to which Article 10 refers is the second contract dated October 2, 2019: the Revenue Sharing Agreement Utilizing the FinFET Patent between KAIST, KIP, and KIPB (the "Revenue Sharing Agreement").

39.    The Revenue Sharing Agreement requires KIP to "deposit in cash on the amount for revenue sharing to KAIST through the KAIST bank account . . . within thirty (30) days from receiving the revenue amount from the licensee."

40.    The Revenue Sharing Agreement provides for the deduction of expenses from the revenue amount but does not automatically extend the 30-day payment timeline if expenses are disputed.

41.    At the time KAIST and KIP executed the Management Agreement and the Revenue Sharing Agreement, KAIST was not informed of any contract between KIP and Paulina. KAIST had no reason to suspect that KIP may deprive KAIST of its rightful share of revenue, using a contract with Paulina (discussed below) as an excuse to do so.

8

42.    Years have passed since the court entered final judgment in the Infringement Lawsuit and KIP has not remitted any amount of revenue from the Infringement Lawsuit to KAIST.

**KAIST Learns of KIP Contract with Paulina and Related Arbitration**

43.    In late 2020, KAIST became aware of a contract between KIP and Paulina pursuant to which Paulina would provide up to $6,000,000 in funding for the Patent Litigation and receive a 350% return on the investment if the Patent Litigation was successful.

44.    KIP and Paulina executed this "Prepaid Forward Purchase Agreement" (the "PFPA") on or around July 29, 2016.[2]

45.    In or around December 2020, KAIST received a document through which KAIST learned for the first time some details of the PFPA and that Paulina had initiated arbitration against KIP, KIPB, Jong-Ho Lee, and P&IB. KAIST learned that Paulina filed a Demand for Arbitration and Statement of Claim with the International Arbitration Tribunal of the International Centre for Dispute Resolution on August 31, 2020 based upon the PFPA (the "Arbitration").

46.    Paulina further filed an Emergency Relief Application requesting an order to place the proceeds of the Infringement Lawsuit in trust pending completion of arbitration.

47.    In an Award of the Emergency Arbitrator dated September 8, 2020, an emergency arbitrator appointed by the International Arbitration Tribunal of the

---

[2] The PFPA was drafted in English.

International Centre for Dispute Resolution ordered KIP and KIPB to deposit $21 million into a trust account pending arbitration.

48.    In response to the arbitrator's order, KIP or KIPB deposited $21 million into a U.S. Bank trust account held in Milwaukee (the "Trust Account").

49.    Upon information and belief, KIP transferred other funds into the Trust Account such that $23 million in proceeds from the Infringement Lawsuit remain held in trust by U.S. Bank in Milwaukee.

50.    Upon information and belief, KIP had already directed the transfer of $24 million to Paulina in 2021 without informing KAIST beforehand.

51.    Upon information and belief, the final hearing in the Arbitration is set to take place in early March 2022.

52.    Upon information and belief, KIP and Paulina are engaged in settlement discussions regarding how to apportion the settlement proceeds held in trust. Despite having a fiduciary duty to KAIST and the duty to obtain KAIST's approval for revenue generation matters, KIP has not involved KAIST in discussions with Paulina.

53.    If KIP and Paulina were to reach a settlement, it would result in disbursement of the Trust funds without KAIST's involvement or input and KAIST will as a result lose its rightful share of the Trust Fund.

54.    Upon information and belief, no party could appeal the final Arbitration award in the absence of exceedingly rare circumstances such as an arbitrator's corruption, fraud, or abuse of power.

10

## FIRST CAUSE OF ACTION
### Declaratory Judgment

55.     KAIST incorporates by reference each of the allegations contained in the foregoing paragraphs as if set forth fully herein.

56.     An actual and justiciable controversy currently exists between KAIST and KIP concerning KIP's obligations to KAIST under the Management and Revenue Sharing Agreements. A declaration by this Court that KIP is obligated to obtain KAIST's approval for any settlement with Paulina and that KAIST is entitled to a specified percentage of the settlement proceeds held in trust by U.S. Bank would terminate the controversy giving rise to this cause of action.

57.     Based on the allegations above, KAIST is entitled to a declaration that:

a.   KIP is required to immediately deposit the amount of settlement proceeds from the Infringement Lawsuit dictated by the Revenue Sharing Agreement into the KAIST deposit account specified in the Revenue Sharing Agreement;

b.   KIP must obtain KAIST's approval before entering into a settlement agreement with Paulina that will affect the amount of revenue KAIST receives from the Infringement Lawsuit; and

c.   KIP must (1) provide KAIST with all documents and information relevant to the Arbitration, (2) keep providing KAIST with all such documents and information for the duration of the Arbitration, and (3) consult with KAIST on strategy and decisions related to the Arbitration.

11

## SECOND CAUSE OF ACTION
### Permanent Injunction
### (Against U.S. Bank)

58.     KAIST incorporates by reference each of the allegations contained in the foregoing paragraphs as if set forth fully herein.

59.     Based on the allegations above and the pending arbitration between Paulina, KIP, KIPB, Jong-Ho Lee, and P&IB, there is a sufficient probability that the future conduct of the defendants will violate KAIST's right to approve revenue generating activity by KIP and right to the share of proceeds from the FinFET patent to which it is entitled, causing KAIST irreparable injury.

60.     If U.S. Bank distributes settlement funds to Paulina, KAIST will have no adequate legal remedy.

61.     KAIST has no privity with Paulina and KIP is a pass-through entity with no assets other than licenses to KAIST intellectual property.

62.     Upon information and belief, KIP has no source of revenue other than the FinFET settlements/royalties.

63.     Upon information and belief, KIP has no assets with which it could satisfy a future judgment in favor of KAIST.

64.     Upon information and belief, KIP retains no settlement funds from the FinFET litigation beyond what it has deposited into the Trust Account.

65.     Equity favors issuing a permanent injunction preventing U.S. Bank from distributing any Infringement Lawsuit settlement funds it holds in trust until all

12

apportionment issues are resolved in tribunals of appropriate jurisdiction or by settlement agreement among all the parties, including KAIST.

### THIRD CAUSE OF ACTION
### Breach of Business Agreement
### (Against KIP)

66.     KAIST incorporates by reference each of the allegations contained in the foregoing paragraphs as if set forth fully herein.

67.     KAIST and KIP (f/k/a KAIST-IP) entered into a valid and enforceable Business Agreement dated July 2, 2012.

68.     Pursuant to that agreement, matters not stated in the agreement were to be discussed mutually by KAIST and KIP with the intention of accomplishing the revenue-maximization goal of the agreement.

69.     Funding for patent infringement litigation and litigation financing were matters not stated in the agreement but material to the contract because they are closely related to the amount of revenue KAIST would receive generated by its intellectual property.

70.     During the pendency of the Business Agreement, KIP agreed to an onerous litigation financing arrangement with Paulina without discussing it with KAIST or seeking less onerous financing from KAIST or another source of funding.

71.     After KIP and Paulina entered into the agreement, KIP kept it secret from KAIST for years.

72.     KIP's failure to discuss litigation funding with KAIST and failure to disclose the Paulina agreement were breaches of the Business Agreement.

13

73.    KAIST incurred damages as a result of KIP's breach because the breach led to a significant reduction in the amount of revenue KAIST will receive from the Infringement Lawsuit.

## FOURTH CAUSE OF ACTION
### Breach of Management Agreement
### (Against P&IB)

74.    KAIST incorporates by reference each of the allegations contained in the foregoing paragraphs as if set forth fully herein.

75.    KAIST and P&IB entered into a valid and enforceable Basic Agreement for Management of KIP Co., Ltd. dated October 2, 2019.

76.    The Management Agreement requires KIP to obtain KAIST's informed consent and approval before proceeding with any revenue generating activity. Paragraphs 2 and 3 of Article 6 explain that KAIST shall review information relating to potential revenue generation and KIP may not move forward without KAIST's approval.

77.    By directing KIP to distribute settlement proceeds to Paulina and to engage in settlement negotiations with Paulina without informing KAIST in a timely manner or involving KAIST in any meaningful way, P&IB breached the Management Agreement.

78.    KAIST has suffered damages as a result of P&IB's breach in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Breach of Revenue Sharing Agreement
### (Against KIP and KIPB)

79.    KAIST incorporates by reference each of the allegations contained in the foregoing paragraphs as if set forth fully herein.

14

80.    KAIST, KIP, and KIPB entered into a valid and enforceable Revenue Sharing Agreement Utilizing the FinFET Patent dated October 2, 2019.

81.    The Revenue Sharing Agreement requires KIP to "deposit in cash on the amount for revenue sharing to KAIST through the KAIST bank account . . . within thirty (30) days from receiving the revenue amount from the licensee."

82.    KIP breached the Revenue Sharing Agreement by failing to deposit any revenue from the Infringement Lawsuit for nearly a year after final judgment (and counting).

83.    The Revenue Sharing Agreement further provides that all revenue generated from enforcement or licensing of either the U.S. or the Korean FinFET patent is to be split evenly, with 50% designated a license fee for the U.S. patent and 50% designated a license fee for the Korean patent.

84.    The Revenue Sharing Agreement also states that costs associated with enforcement of each patent are to be subtracted from the license fee associated with the patent being enforced. So costs associated with enforcement of the U.S. patent (such as fees owed to Paulina) may only be deducted from the U.S. license fee.

85.    KIP breached the Revenue Sharing Agreement by directing the disbursement of $21 million to Paulina taken from a $30 million payment designated as a license fee for the Korean patent under the contract. The $21 million payment to Paulina was associated solely with enforcement of the U.S. patent and therefore was required to be deducted only from U.S. license fees.

86.    KAIST has suffered damages caused by KIP's breaches in an amount to be determined at trial.

15

## SIXTH CAUSE OF ACTION
### Breach of Duty of Good Faith and Fair Dealing
### (Against P&IB and KIP)

87.    KAIST incorporates by reference each of the allegations contained in the foregoing paragraphs as if set forth fully herein.

88.    P&IB and KIP have at all times relevant had a duty to deal in good faith and fairly with KAIST under the Business Agreement, the Management Agreement, and the Revenue Sharing Agreement.

89.    By secretly entering into a litigation financing arrangement with Paulina pursuant to which millions of dollars in settlement proceeds have been and will be diverted to Paulina instead of going to KAIST and by failing to involve KAIST in any settlement discussions with Paulina or arbitration strategy discussions, P&IB and KIP have breached the duty of good faith and fair dealing.

90.    KAIST has suffered damages caused by P&IB's and KIP's breaches in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against KIP, P&IB, and In Gyoo Kang)

91.    KAIST incorporates by reference each of the allegations contained in the foregoing paragraphs as if set forth fully herein.

92.    KIP, P&IB, and In Gyoo Kang each had a fiduciary duty to KAIST arising out of contract or a combined controlling interest in KIP or both.

93.    By secretly entering into a litigation financing arrangement with Paulina pursuant to which millions of dollars in settlement proceeds have been and will be diverted

16

to Paulina instead of going to KAIST and by failing to involve KAIST in any settlement discussions with Paulina or arbitration strategy discussions, KIP, P&IB, and In Gyoo Kang have breached their fiduciary duties to KAIST.

94.     KAIST has suffered damages caused by KIP's, P&IB's, and In Gyoo Kang's breaches in an amount to be determined at trial.

**WHEREFORE**, Plaintiff KAIST respectfully requests that this Court grant the following relief:

A. A declaration, pursuant to Wis. Stat. §§ 701.0201(3)(i) and 806.04, that is consistent with the statements listed in paragraph 57 above;

B. A permanent injunction preventing U.S. Bank from distributing any Infringement Lawsuit settlement funds it holds in trust until all apportionment issues are resolved in tribunals of appropriate jurisdiction or by settlement agreement among all the parties, including KAIST;

C. Judgment in favor of KAIST on each of its legal claims in an amount to be determined at trial;

D. Judgment awarding KAIST its costs and expenses incurred in this proceeding, including attorneys' fees and costs, as allowed by law; and

E. For any further relief that this Court shall deem just and proper.

Dated this 2nd day of March 2022.

GASS TUREK LLC

*Electronically signed by Daniel A. Manna*
Daniel A. Manna, SBN 1071827
Jerome C. Mohsen, SBN 1097525
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
(414) 223-3300 – phone
(414) 224-6116 – fax
manna@gassturek.com
mohsen@gassturek.com

*Attorneys for KOREA ADVANCED
INSTITUTE OF SCIENCE AND
TECHNOLOGY*

18

**VERIFICATION BY UNSWORN DECLARATION UNDER WIS. STAT. § 887.015**

I, Jongsung Bae, am the <u>professor of Industry-University Cooperation</u> of Korea Advanced Institute of Science and Technology, Plaintiff in this action.

I declare under penalty of false swearing under the law of Wisconsin that, based on my personal knowledge and review of KAIST documents and information, the facts set forth in the foregoing Verified Complaint are true and correct to the best of my knowledge except (1) allegations expressly stated to be based upon information and belief, in which case, I believe them to be true, and (2) legal conclusions, for which I expressly defer to Plaintiff's counsel.

I declare under penalty of false swearing under the laws of Wisconsin that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, and any territory or insular possession subject to the jurisdiction of the United States.

Executed on the 2nd day of March 2022, at <u>Daejeon city</u>, Republic of Korea.

Jongsung Bae

**FILED**
**03-08-2022**
**George L. Christenson**
**Clerk of Circuit Court**
**2022CV001342**

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

KOREA ADVANCED INSTITUTE OF
SCIENCE AND TECHNOLOGY,

            Plaintiff,

                                  Case No. 2022-cv-1342

v.

KIP CO., LTD. f/k/a KAIST IP Co., Ltd.,
P&IB CO., LTD., IN GYOO KANG,
KIPB LLC f/k/a KAIST IP US LLC,
PAULINA FUNDINGCO, LLC, and
U.S. BANK NATIONAL ASSOCIATION,
as Trustee for US Bank TFM Escrow Account,

            Defendants.

---

## NOTICE OF MOTION AND MOTION
## FOR TEMPORARY RESTRAINING ORDER

---

PLEASE TAKE NOTICE that Plaintiff Korea Advanced Institute of Science and Technology ("KAIST") by its undersigned counsel moves for the entry of a temporary restraining order pursuant to Wis. Stat. § 813.02 affording KAIST the following relief against and from Defendants:

An order that, pending the Court's decision to issue a temporary injunction on the matter, Defendant U.S. Bank not disburse any funds from the trust account created at the request of one or more of the Defendants in compliance with the Award of the Emergency Arbitrator on the 8th day of September 2020 in ICDR Case 01-20-0014-6908 in the International Arbitration Tribunal of the International Centre for Dispute Resolution.

The above-captioned motion (the "Motion") is based on the brief in support thereof, the Verified Complaint, and the Certification of Attorney Jerome C. Mohsen (the "Certification") filed concurrently herewith.

Pursuant to Local Rule 3.13.A.1., as set forth in the Certification, KAIST made a good faith effort before filing the Motion to contact the parties against whom relief is sought to inform the party of the time and place of the anticipated hearing.

Pursuant to Wis. Stat. § 813.02, as set forth in the Verified Complaint, this Court is the proper place of trial of this action, and the residence of each Defendant is stated in the caption of the Verified Complaint.

This Motion will be heard on March 23, 2022, at 1:45 P.M. in Branch 32 of the Milwaukee County Circuit Court, the Honorable Laura Gramling Perez presiding, in Room 404 of the Milwaukee County Courthouse, 901 N. 9th St. in Milwaukee, Wisconsin 53233.

KAIST also asks the Court set a briefing schedule and hearing date for KAIST's forthcoming motion for a temporary injunction pending resolution of KAIST's claims on the merits. KAIST will file the motion for a temporary injunction according to the schedule set by the Court.

Dated this 8th day of March 2022.

GASS TUREK LLC

*Electronically signed by Daniel A. Manna*
Daniel A. Manna, SBN 1071827
Jerome C. Mohsen, SBN 1097525
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
(414) 223-3300 – phone
(414) 224-6116 – fax
manna@gassturek.com
mohsen@gassturek.com

*Attorneys for KOREA ADVANCED
INSTITUTE OF SCIENCE AND
TECHNOLOGY*

3

FILED
03-08-2022
George L. Christenson
Clerk of Circuit Court
2022CV001342

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

KOREA ADVANCED INSTITUTE OF
SCIENCE AND TECHNOLOGY,

           Plaintiff,

                              Case No. 2022-cv-1342

v.

KIP CO., LTD. f/k/a KAIST IP Co., Ltd.,
P&IB CO., LTD., IN GYOO KANG,
KIPB LLC f/k/a KAIST IP US LLC,
PAULINA FUNDINGCO, LLC, and
U.S. BANK NATIONAL ASSOCIATION,
as Trustee for US Bank TFM Escrow Account,

           Defendants.

---

## BRIEF IN SUPPORT OF MOTION
## FOR TEMPORARY RESTRAINING ORDER

---

        Plaintiff Korea Advanced Institute for Science and Technology ("KAIST") asks the

Court to enter an order temporarily freezing a U.S. Bank trust account because, without the

order, it is a near-certainty Defendants will improperly divert tens of millions of dollars owed

to KAIST in a manner that leaves KAIST no legal remedy to be made whole.

        Defendants KIP, KIPB, P&IB, and In Gyoo Kang have already breached various

agreements, duties of good faith and fair dealing, and fiduciary duties owed to KAIST.

Under the parties' contracts, KAIST was to receive proceeds from revenues generated by a

U.S. patent and a Korean patent, and KAIST was to be consulted regarding and give its

approval of revenue generating activities. A federal patent lawsuit generated such revenues,

but, unknown to KAIST, KIP had entered an agreement with Defendant Paulina to finance

the lawsuit under onerous repayment terms. As a result, KIP has already diverted millions to

Paulina, and Paulina is asking for more through an arbitration action against KIP, KIPB, and P&IB. An emergency arbitrator has ordered the sequestration of funds pending the conclusion of arbitration proceedings. U.S. Bank now holds the funds in a trust account in Milwaukee. Although the arbitration hearing should take place in early March 2022, KIP, KIPB, P&IB, and Paulina are now negotiating a settlement, under which part or all of the funds held in trust will be disbursed to Paulina. With the arbitration hearing near, settlement is likely imminent, and it would divert funds owed to KAIST, which KAIST would not be able to recover because KIP has no money or assets beyond what is in the trust account. An order freezing the funds in the trust account is necessary to preserve the status quo and allow KAIST to enforce its rights in court before it suffers irreparable harm.

## BACKGROUND

KAIST owns the Korean patent for a component called the fin field-effect transistor ("FinFET"), which is used heavily in modern nanoelectric semiconductor device fabrication. (Compl. ¶ 17.)[1] In 2012, KAIST was approached by P&IB Co., Ltd. ("P&IB") and FinFET developer Jong-Ho Lee with a proposition to mutually benefit from FinFET intellectual property. (*Id.* ¶ 20.) This resulted in KAIST and P&IB incorporating KAIST IP Co., which is now known as KIP Co. Ltd. ("KIP"). (*Id.*)

In a Business Agreement dated July 2, 2012, KIP agreed to "actively utilize the grant of exclusive license or assignment of rights from KAIST to focus the efforts on generating the maximum revenue possible" from intellectual property owned by KAIST. (Compl. ¶ 21.) Under the Business Agreement KIP was required to "perform in in good faith on each tasks

---

[1] KAIST relies upon the allegations in its Verified Complaint (Doc. 7) in support of this Motion.

defined in this agreement, and focus the efforts on completing the tasks as quickly as possible" and the parties agreed "[m]atters not stated in this agreement shall be discussed mutually by KAIST and [KIP] under the intention of accomplishing the purpose of this agreement to find the solution."

In July 2016, KIP organized a U.S.-based subsidiary, KAIST IP US LLC, now known as KIPB LLC ("KIPB"). (Compl. ¶ 25.) Jong-Ho Lee owned the U.S. FinFET patent and assigned his rights to KIPB. (*Id.*) Four months after it was incorporated, KIPB sued Samsung corporate entities, Global Foundries U.S. Inc. and Qualcomm Inc. in the U.S. District Court for the Eastern District of Texas for infringement of the U.S. FinFET patent. (the "Infringement Lawsuit"). (*Id.* ¶ 26.)

During the lawsuit, P&IB, KIP, and KAIST formalized the manner in which KAIST would receive revenue from the use of FinFET intellectual property. (Compl. ¶ 30.) On October 2, 2019 KAIST and P&IB executed the Basic Agreement for Management of KIP Co., Ltd. (the "Management Agreement"), which changed ownership of KIP from 65% KAIST/35% P&IB to 48.5% KAIST/48.5% P&IB/3% CEO of KIP. (*Id.* ¶ 32.) Under the Management Agreement, KIP is to consult with and get approval from KAIST before taking any step to generate revenue using FinFET intellectual property, any KIP expense must be an expense necessary to generate revenue, and revenue sharing must immediately follow revenue generation. (*Id.* ¶¶ 33-36.) On the same day, KAIST, KIP, and KIPB executed another agreement (the "Revenue Sharing Agreement") under which KIP is to deposit KAIST's share of revenue within thirty days from receiving revenue. (*Id.* ¶¶ 38-39.) The Revenue Sharing Agreement provides for the deduction of expenses from the revenue

amount but does not extend the 30-day payment timeline if expenses are disputed. (Compl. ¶ 40.)

The Infringement Lawsuit ended with a final order awarding $203,003,416 to KIP on February 21, 2020. (Compl. ¶ 29.) But, in late 2020 KAIST learned that KIP had contracted a litigation finance firm, Paulina FundingCo. LLC ("Paulina"), to fund the Infringement Lawsuit. (*Id.* ¶ 43.) Paulina and KIP had executed a "Prepaid Forward Purchase Agreement" on or around July 29, 2016 (the "PFPA") under which Paulina provided $6 million in funding for the Infringement Lawsuit and would receive a 350% return if the Infringement Lawsuit was successful. (*Id.* ¶¶ 43-44.)

In or around December 2020, KAIST received a document through which KAIST learned the usurious terms of the PFPA and that Paulina had initiated arbitration against KIP, KIPB, Jong-Ho Lee, and P&IB. KAIST learned that Paulina filed a Demand for Arbitration and Statement of Claim with the International Arbitration Tribunal of the International Centre for Dispute Resolution on August 31, 2020 based upon the PFPA (the "Arbitration"). (Compl. ¶ 45.) Paulina also filed an Emergency Relief Application requesting an order to place the proceeds of the Infringement Lawsuit in trust pending completion of arbitration. (*Id.* ¶ 46.) The arbitrator granted this request, leading KIP to place $21 million into a U.S. Bank trust account held in Milwaukee (the "Trust Account"). (*Id.* ¶¶ 47-48.)

Since placing the $21 million into the Trust Account, KIP has paid Paulina $24 million out of the Samsung settlement and added additional funds to the Trust Account, such that $23 million in proceeds from the Infringement Lawsuit remain held in trust by U.S. Bank. (*Id.* ¶¶ 49-50.)

4

To the best of KAIST's knowledge, the final hearing in the Arbitration is set to take place early this month (March 2022). (*Id.* ¶ 51.) KAIST also believes KIP and Paulina are engaged in settlement discussions regarding how to apportion the funds held in the Trust Account. (*Id.* ¶ 52.) Although contractually obligated to involve KAIST in the discussions under the Management Agreement and to pay KAIST its rightful share of the Samsung settlement proceeds, KIP has not done so.

## LEGAL STANDARD

While the decision to issue a temporary restraining order lies within the discretion of the court, "it is well–nigh an imperative duty of the court to preserve the status quo . . . if its disturbance pendente lite will render futile in considerable degree the judgment sought, or cause serious and irreparable injury to one party; especially if injury to the other is slight." *Halsey, Stuart & Co. v. Pub. Serv. Comm'n of Wisconsin*, 212 Wis. 184, 248 N.W. 458, 462 (1933); *see also Madison Gas & Elec. Co. v. Pub. Serv. Comm'n*, 250 Wis. 59, 62, 26 N.W.2d 285 (1947). "While the grounds for issuing a temporary restraining order are slightly less than those necessary for an injunction, the basic elements are the same." 2A Jay E. Grenig & Nathan A. Fishbach, *Wisconsin Practice Series: Methods of Practice* § 85:21 (5th ed. 2019). Those basic elements are: (1) likelihood of irreparable harm without the injunction; (2) absence of other adequate remedy at law; (3) need for injunction to preserve the status quo; and (4) reasonable probability of success on the merits. *See Milwaukee Deputy Sheriffs' Ass'n v. Milwaukee Cty.*, 2016 WI App 56, ¶ 20, 370 Wis. 2d 644, 883 N.W.2d 154 (citing *Werner v. A.L. Grootemaat & Sons, Inc.,* 80 Wis. 2d 513, 520–21, 259 N.W.2d 310 (1977)). There is likelihood of irreparable injury when, without a temporary equitable relief, a permanent injunction at the conclusion

of the lawsuit would be too late. *Werner*, 80 Wis. at 520. Such is the case here, where any delay is likely to result in the improper disbursement of tens of millions of dollars owed to KAIST and no legal remedy adequate to make KAIST whole.

## ARGUMENT

All four elements necessary to issue a temporary restraining order are present here. Absent a restraining order, KAIST will suffer irreparable harm because it will have (1) no remedy against Paulina who will have no obligation to repay any amount and (2) no remedy against KIP whose assets will be insufficient to pay KAIST its rightful share of the Samsung settlement proceeds. The only way to avoid this inequitable result is to preserve the status quo and prevent U.S. Bank from releasing any funds from the Trust Account until the parties' respective rights are adjudicated. And because KIP's handling of the proceeds from the Infringement Lawsuit has been in clear breach of several contracts, KAIST has a more than reasonable chance to prevail on the merits.

## I. KAIST is likely to suffer irreparable harm if the Court does not issue a temporary restraining order.

An injury constitutes irreparable harm if it is "not adequately compensable in damages." *Allen v. Wisconsin Pub. Serv. Corp.*, 2005 WI App 40, ¶ 30, 279 Wis. 2d 488, 694 N.W.2d 420 (citing *Pure Milk Prod. Co-op. v. Nat'l Farmers Org.*, 90 Wis. 2d 781, 800, 280 N.W.2d 691 (1979)). KAIST need not prove that it "has suffered irreparable damage but only that [it] is likely to suffer such damage." *Lakeside*, 8 Wis. 2d at 168. The Court may issue injunctive relief "merely upon proof of a sufficient threat of future irreparable injury." *Johnson Controls, Inc. v. Emps. Ins. of Wausau*, 2003 WI 108, ¶ 42, 264 Wis. 2d 60, 665 N.W.2d 257 (citing *Pure Milk*, 90 Wis. 2d at 802). A defendant's potential inability to satisfy a

6

judgment is irreparable harm. In *Scheuer v. Regal Oil-Gas Burner Co.*, the court noted that an injunction was appropriate to prevent the insolvent defendant from dissipating assets by transferring a note because the transfer would render plaintiff's judgment futile. 170 Wis. 630, 176 N.W. 75, 77 (1920). "Probable insolvency of defendant" warrants injunctive relief. *Fassbender v. Peters*, 179 Wis. 587, 191 N.W. 973 (1923).

Here, KAIST is in imminent danger of suffering irreparable harm because it has no way to recover funds disbursed to Paulina. KAIST has no contractual privity with Paulina so KAIST must seek recourse against its contractual partners, KIP and KIPB. But KIP and KIPB have no assets beyond the funds in the Trust Account and no continuing source of revenue, so if the trust funds are disbursed to Paulina, the cupboard will be bare when KAIST seeks what it is owed.

KIP's past misconduct towards KAIST shows there is a reasonable probability this irreparable harm will occur because disbursement of funds from the Trust Account to Paulina is the natural continuation of that misconduct. *See Pure Milk*, 90 Wis. 2d at 803 (recognizing past misconduct "gives rise to an inference of a reasonable expectation of continued violations"). Temporary injunctive relief is necessary to halt this misconduct and prevent irreparable harm.

## II.    A temporary restraining order is necessary to preserve the status quo.

The irreparable harm requirement and the need to preserve the status quo are two sides of the same coin. *Werner*, 80 Wis. 2d at 520 ("[A]t the temporary injunction stage the requirement of irreparable injury is met by a showing that, without it to preserve the status quo . . ., the permanent injunction sought would be rendered futile."). KIP is acting as if it

7

were authorized to authorize disbursement of the funds in the Trust Account without KAIST's knowledge, let alone KAIST's permission. The Trust Account was created to preserve funds in relation to the Arbitration and those funds will be transferred upon resolution of the Arbitration without any input from KAIST. Therefore, the status quo could be disturbed without notice and with immediate effect at any time unless this Court issues a temporary restraining order.

## III.    KAIST has no adequate remedy at law.

For the same reason it is facing irreparable harm, KAIST has no adequate remedy at law if KIP is allowed to transfer the trust funds in relation to the Arbitration. "Damages are an inadequate remedy . . . [when a] defendant[] lack[s] . . . solvency." *Miller v. LeSea Broad., Inc.*, 87 F.3d 224, 230 (7th Cir. 1996) (affirming a preliminary injunction under Wisconsin law). Neither KIP nor KIPB (nor individual defendant In Gyoo Kang) is sufficiently solvent to pay KAIST the tens of millions of dollars it is owed if most or all of the trust funds are disbursed to Paulina. And as discussed, KAIST has no legal remedy against Paulina, with which it has no privity and which would receive funds either through an arbitral award or a voluntary settlement with KIP and KIPB. KAIST's only viable causes of action are against the parties who owe it contractual duties, and those parties cannot pay.

## IV.    KAIST has a reasonable probability of success on the merits of its claims.

KAIST will prevail based on three unambiguous contracts which various defendants have breached and will imminently breach again, causing irreparable harm.

First, under the Business Agreement, KIP and KAIST agreed to discuss matters not in the agreement with the intention of maximizing revenue. KIP agreed to an onerous

financing agreement with Paulina without consulting KAIST, which constituted a breach of contract and caused KAIST damages. KIP is about to disburse more funds to Paulina, whether through settlement or through an arbitration award, without consulting with KAIST, which will constitute another breach of contract and cause KAIST irreparable harm.

Second, under the Management Agreement, KIP must obtain KAIST's consent before proceeding with any revenue generating activity. KIP did not even inform KAIST of the arrangement with Paulina or of the transfers of funds to Paulina before they occurred. These acts are material breaches of the Management Agreement, which caused KAIST damages. KAIST believes KIP is currently negotiating a settlement with Paulina, which, if consummated, would also be in breach of the Management Agreement and cause irreparable harm to KAIST. Such settlement may be imminent.

Third, KIP breached the Revenue Sharing Agreement, by (1) failing to deposit KAIST's share of revenue from the Infringement Lawsuit within 30 days of receipt and (2) disbursing to Paulina $21 million that should have gone to KAIST. The Revenue Sharing Agreement states that all revenue generated from either the U.S. or the Korean FinFET patent is to be split evenly, with 50% designated a license fee for the U.S. Patent and 50% designated a license fee for the Korean patent. Costs associated with enforcement of each patent are to be subtracted from the license fee associated with the patent being enforced. The $21 million payment to Paulina was associated solely with enforcement of the U.S. patent and therefore was required to be deducted only from U.S. license fees. It was taken, however, from a $30 million payment from Samsung was part of the Korean patent half of the Samsung settlement, so Paulina should not have received any of those funds. The

9

imminent settlement between KIP and Paulina would further misdirect revenue owed to KAIST under the Revenue Sharing Agreement and cause KAIST irreparable harm.

Fourth, P&IB and KIP breached their implied duties of good faith and fair dealing under the Business, Management, and Revenue Sharing Agreements by contracting with Paulina, diverting money to Paulina, and failing to involve KAIST at every step. The imminent settlement between KIP and Paulina is an act that will further breach such duty and cause irreparable harm to KAIST.

Finally, KIP, P&IB, and In Gyoo Kang each owed KAIST fiduciary duties arising out of contract or a combined controlling interest in KIP or both. By secretly contracting with Paulina, diverting proceeds to Paulina, and failing to involve KAIST in a reasonable time and manner, KIP, P&IB, and In Gyoo Kang have breached their fiduciary duties to KAIST. Those breaches caused damages to KAIST and suggest possible collusion between KIP and Paulina to KAIST's detriment. The imminent settlement between KIP and Paulina is an act that may further breach fiduciary duties and cause irreparable harm to KAIST.

## CONCLUSION

KAIST has a strong claim to the funds held in the Trust Account but will lose any realistic opportunity to pursue that claim (along with $23 million) if U.S. Bank disburses the funds to Paulina. Accordingly, a temporary restraining order enjoining U.S. Bank from releasing the funds held in the Trust Account is necessary and appropriate and KAIST asks the Court to enter such an order to prevent irreparable harm in the immediate future.

KAIST also requests that the Court set a briefing schedule and a hearing date for a temporary injunction pending the resolution of KAIST's claims on the merits.

10

Dated this 8th day of March 2022.

GASS TUREK LLC

*Electronically signed by Daniel A. Manna*
Daniel A. Manna, SBN 1071827
Jerome Mohsen, SBN 1097525
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
Tel: 414-223-3300
Fax: 414-224-6116
manna@gassturek.com
mohsen@gassturek.com

*Attorneys for KOREA ADVANCED
INSTITUTE OF SCIENCE AND
TECHNOLOGY*

11

**FILED**
**03-08-2022**
**George L. Christenson**
**Clerk of Circuit Court**
**2022CV001342**

STATE OF WISCONSIN    CIRCUIT COURT    MILWAUKEE COUNTY

KOREA ADVANCED INSTITUTE OF
SCIENCE AND TECHNOLOGY,

          Plaintiff,

                            Case No. 2022-cv-1342

v.

KIP CO., LTD. f/k/a KAIST IP Co., Ltd.,
P&IB CO., LTD., IN GYOO KANG,
KIPB LLC f/k/a KAIST IP US LLC,
PAULINA FUNDINGCO, LLC, and
U.S. BANK NATIONAL ASSOCIATION,
as Trustee for US Bank TFM Escrow Account,

          Defendants.

---

## CERTIFICATION OF ATTORNEY JEROME C. MOHSEN

---

I, Jerome C. Mohsen, state and certify as follows:

    1.      I am an attorney at Gass Turek LLC and represent the plaintiff in the above-captioned action (the "Action").

    2.      Pursuant to Local Rule 1.19A., on March 2, 2022, I requested from the deputy court clerk of the branch to which this Action was assigned a hearing date and time in relation to the motion for a temporary restraining order (the "Motion") filed concurrently with this Certification.

    3.      The deputy court clerk scheduled the hearing on March 23, 2022, at 1:45 P.M. in Branch 32 of the Milwaukee County Circuit Court, the Honorable Laura Gramling Perez presiding, in Room 404 of the Milwaukee County Courthouse, 901 N. 9th St. Milwaukee, Wisconsin 53233.

4.     Pursuant to Local Rule 3.13A.1., I made good faith efforts to contact all Defendants in this Action to inform them of the time and place of the hearing.

5.     Defendants KIPB LLC f/k/a KAIST IP US LLC, KIP CO., LTD. f/k/a KAIST IP Co., Ltd., P&IB CO., LTD. (the "KIP Defendants") are represented in the arbitration proceedings related to this Action (the "Arbitration") by Attorney Hyung Gyu (Leo) Sun and Attorney David Ludwig, of Dunlap Bennett & Ludwig PLLC. On March 2, 2022, I sent an email message to both attorneys enclosing a letter notifying them of the place and time of the hearing, the authenticated Summons and Verified Complaint in this Action, and appropriate notices of electronic filing.

6.     On March 4, 2022, I conferred by telephone with Attorney Hyung Gyu (Leo) Sun, who confirmed he received the letter and enclosures, stated he would represent the KIP Defendants in this Action, and further stated he would also represent Defendant In Gyoo Kang.

7.     Defendant PAULINA FUNDINGCO, LLC ("Paulina") is represented in the Arbitration by Attorney Adam Hoeflich and Attorney Jason Murray, of Bartlit Beck LLP. On March 2, 2022, I sent an email message to both attorneys enclosing a letter notifying them of the place and time of the hearing, the authenticated Summons and Verified Complaint in this Action, and the appropriate notice of electronic filing.

8.     On March 2, 2022, I conferred with Attorney Adam Hoeflich by telephone, and he confirmed his receipt of the letter and his representation of Paulina in this Action.

9.     On March 2, 2022, I sent an email message to Defendant In Gyoo Kang enclosing a letter notifying him of the place and time of the hearing, the authenticated

2

Summons and Verified Complaint in this Action, and the appropriate notice of electronic filing.

10.     On March 4, 2022, I conferred by telephone with Attorney Hyung Gyu (Leo) Sun, who stated that he would represent Defendant In Gyoo Kang in this Action and that he is aware of the time and place of the Motion hearing.

11.     On February 25, 2022, I conferred by telephone with Defendant U.S. Bank staff who stated U.S. Bank does not have a general phone number or email address for its legal department and that the way to contact it is to drop off correspondence at any U.S. Bank branch. On March 2, 2022, I sent by courier messenger a letter, enclosing the authenticated Summons and Verified Complaint in this Action as well as the appropriate notice of electronic filing, stating the place and time of the anticipated Motion hearing, to U.S. Bank National Association, Corporate Legal Department, at 777 E. Wisconsin Avenue, Milwaukee, WI  53202. The courier messenger confirmed delivery with a receipt signed by U.S. Bank staff.

Dated this 8th day of March 2022.

*Electronically signed by Jerome C. Mohsen*
Jerome C. Mohsen, SBN 1097525
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
(414) 223-3300 – phone
(414) 224-6116 – fax
mohsen@gassturek.com

FILED
03-09-2022
George L. Christenson
Clerk of Circuit Court
2022CV001342

**STATE OF WISCONSIN**     **: CIRCUIT COURT : MILWAUKEE COUNTY**

**In Re:** Korea Advanced Institute of
Science and Technology

        Plaintiff(s)/Petitioner(s)
        KIP CO., LTD.

**-vs-**    f/k/a KAIST IP Co., LTD.,
        et al.,

        Defendant(s)/Respondent(s)

**REQUEST FOR SUBSTITUTION
OF JUDGE**

**CASE NO.:** 2022 CV 001342

Pursuant to Sec. 801.58, Wis. Stats., the plaintiff/defendant, Paulina FundingCo, LLC
                                                          (name)

requests a substitution of Judge in this case for the Honorable

Laura Gramling Perez                                         .
        (name of current judge)

Dated this _9th_ day of _____ March _____, 2022.

                 /s/Steven M. Biskupic
                    (signature)

            Steven M. Biskupic
                 (print name)

Address:

1045 W. Glen Oaks Ln., Ste 106

Mequon, WI 53092

FILED
03-09-2022
George L. Christenson
Clerk of Circuit Court
2022CV001342

**BY THE COURT:**

**DATE SIGNED: March 9, 2022**

Electronically signed by Laura Gramling Perez
Circuit Court Judge

| | | |
|---|---|---|
| **State of Wisconsin** | **Circuit Court** | **Milwaukee County** |

**Korea Advanced Institute of Science and Technology,**

    **Plaintiff**                      **Reassignment and Exchange Form**

**vs.**                             **Case Number:**    **2022CV1342**

**KIP CO., LTD. et al,**               **Class Code:**        **30301**

    **Defendants**

**A substitution, disqualification or recusal of judge has been filed in this action.**

**Reason for disqualification/recusal:**

**The above entitled cause is to be reassigned according to the rules.**

_____       _____

**Chief Judge**                      **Circuit Court Judge**

**Dated_____**

**Reassigned to Br#_____, Judge_____**
**according to rules.**

**Assigned court may/may not return a like case to Branch_____:Case #_____**

FILED
03-09-2022
George L. Christenson
Clerk of Circuit Court
2022CV001342

**BY THE COURT:**

**DATE SIGNED: March 9, 2022**

Electronically signed by Laura Gramling Perez
Circuit Court Judge

**State of Wisconsin**            **Circuit Court**            **Milwaukee County**

**Korea Advanced Institute of Science and Technology,**

    **Plaintiff**

**vs.**

**KIP CO., LTD. et al,**

    **Defendants**

**Reassignment and Exchange Form**

**Case Number:**    **2022CV1342**

**Class Code:**        **30301**

A **substitution,** disqualification or recusal of judge has been filed in this action.

**Reason for disqualification/recusal:**

**The above entitled cause is to be reassigned according to the rules.**

_____    _____
**Chief Judge**                            **Circuit Court Judge**

**Dated** _3/10/2022_

**Reassigned to Br#** __14__ **, Judge** _Folty_____
**according to rules.**

**Assigned court may/may not return a like case to Branch**_____**:Case #**_____

**FILED**
**03-10-2022**
**George L. Christenson**
**Clerk of Circuit Court**
**2022CV001342**

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE COUNTY**

Korea Advanced Institute of Science and Technology vs.          **Notice of Hearing**
KIP CO., LTD. et al

Case No: 2022CV001342

COURT ORIGINAL

This case is scheduled for: **Notice**

| Date 03-10-2022 | Time 12:00 pm | Location Milwaukee County Courthouse - Room 414 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner** Christopher R. Foley-14 | | 901 N. Ninth Street Milwaukee WI 53233 |
| **Re** Money Judgment | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

THIS IS ONLY A NOTICE.

The above-entitled case has been transferred to Judge Foley for disposition due to the substitution/disqualification of Judge Gramling Perez. Any papers filed after the date of this Notice must be filed with the clerk of the newly assigned Judge. Pending dates must be rescheduled with the clerk of the newly assigned Judge.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: March 10, 2022

**DISTRIBUTION**          **Address**          **Service Type**

| | | |
|---|---|---|
| Court Original | | |
| Daniel A. Manna | | Electronic Notice |
| Jerome C Mohsen | | Electronic Notice |
| KIP CO., LTD. | A405-ho, Admin-BD, 193 Munji-ro, Yuseong-gu, Daejeon, 34051 | Mail Notice |
| P&IB CO., LTD. | 517-ho, 7, Beobwon 11-gil, Songpa-gu, Seoul | Mail Notice |
| In Gyoo Kang | A405-ho, Admin-BD, 193 Munji-ro, Yuseong-gu, Daejeon, 34051 | Mail Notice |
| KIPB LLC | 2591 Dallas Parkway, Suite 300, Frisco, TX 75034 | Mail Notice |
| Steven M Biskupic | | Electronic Notice |
| Justin J. Dreikosen | | Electronic Notice |
| U.S. BANK NATIONAL ASSOCIATION | 777 E. Wisconsin Avenue, Milwaukee, WI 53202 | Mail Notice |

**FILED**
**03-10-2022**
**George L. Christenson**
**Clerk of Circuit Court**
**2022CV001342**

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE COUNTY**

---

Korea Advanced Institute of Science and Technology vs. KIP CO., LTD. et al

**Notice of Hearing**

Case No: 2022CV001342

---

COURT ORIGINAL

This case is scheduled for: **Injunction hearing**

| Date 03-15-2022 | Time 09:00 am | Location Milwaukee County Courthouse - Room 414 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner** Christopher R. Foley-14 | | 901 N. Ninth Street Milwaukee WI 53233 |
| **Re** Money Judgment | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

Christopher R. Foley is inviting you to a scheduled Zoom meeting.
Join Zoom Meeting
https://wicourts.zoom.us/j/82847334464?pwd=ajNQL3ZrY1ZYTGxvRkVieXIwdThtZz09
Meeting ID: 828 4733 4464
Passcode: 647873
One tap mobile
+13126266799,,82847334464# US (Chicago)
+16465588656,,82847334464# US (New York)
Dial by your location
       +1 312 626 6799 US (Chicago)
       +1 646 558 8656 US (New York)
       +1 301 715 8592 US (Washington DC)
       +1 346 248 7799 US (Houston)
       +1 669 900 9128 US (San Jose)
       +1 253 215 8782 US (Tacoma)
Meeting ID: 828 4733 4464
Find your local number: https://wicourts.zoom.us/u/kdq9mXqkfb
Join by SIP
82847334464@zoomcrc.com
Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
115.114.131.7 (India Mumbai)
115.114.115.7 (India Hyderabad)
213.19.144.110 (Amsterdam Netherlands)
213.244.140.110 (Germany)
103.122.166.55 (Australia Sydney)
103.122.167.55 (Australia Melbourne)

149.137.40.110 (Singapore)
64.211.144.160 (Brazil)
149.137.68.253 (Mexico)
69.174.57.160 (Canada Toronto)
65.39.152.160 (Canada Vancouver)
207.226.132.110 (Japan Tokyo)
149.137.24.110 (Japan Osaka)
Meeting ID: 828 4733 4464
Passcode: 647873

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: March 10, 2022

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Daniel A. Manna | | Electronic Notice |
| Jerome C Mohsen | | Electronic Notice |
| KIP CO., LTD. | A405-ho, Admin-BD, 193 Munji-ro, Yuseong-gu, Daejeon, 34051 | No Notice |
| P&IB CO., LTD. | 517-ho, 7, Beobwon-ro 11-gil, Songpa-gu, Seoul | No Notice |
| In Gyoo Kang | A405-ho, Admin-BD, 193 Munji-ro, Yuseong-gu, Daejeon, 34051 | No Notice |
| KIPB LLC | 2591 Dallas Parkway, Suite 300, Frisco, TX 75034 | No Notice |
| Steven M Biskupic | | Electronic Notice |
| Justin J. Dreikosen | | Electronic Notice |
| U.S. BANK NATIONAL ASSOCIATION | 777 E. Wisconsin Avenue, Milwaukee, WI 53202 | No Notice |

FILED
03-10-2022
George L. Christenson
Clerk of Circuit Court
2022CV001342

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY

KOREA ADVANCED INSTITUTE OF
SCIENCE AND TECHNOLOGY,

                Plaintiff,

                                    Case No. 2022-cv-1342

v.

KIP CO., LTD. f/k/a KAIST IP Co., Ltd.,
P&IB CO., LTD., IN GYOO KANG,
KIPB LLC f/k/a KAIST IP US LLC,
PAULINA FUNDINGCO, LLC, and
U.S. BANK NATIONAL ASSOCIATION,
as Trustee for US Bank TFM Escrow Account,

                Defendants.

---

## NOTICE OF MOTION AND MOTION
## FOR TEMPORARY RESTRAINING ORDER

---

      PLEASE TAKE NOTICE that Plaintiff Korea Advanced Institute of Science and Technology ("KAIST") by its undersigned counsel moves for the entry of a temporary restraining order pursuant to Wis. Stat. § 813.02 affording KAIST the following relief against and from Defendants:

      An order that, pending the Court's decision to issue a temporary injunction on the matter, Defendant U.S. Bank not disburse any funds from the trust account created at the request of one or more of the Defendants in compliance with the Award of the Emergency Arbitrator on the 8th day of September 2020 in ICDR Case 01-20-0014-6908 in the International Arbitration Tribunal of the International Centre for Dispute Resolution.

The above-captioned motion (the "Motion") is based on the brief in support thereof (Doc. 11), the Verified Complaint (Doc. 7), and a Certification by Attorney Jerome C. Mohsen filed concurrently with this Motion.

Pursuant to Local Rule 3.13.A.1., as set forth in the Certification, KAIST made a good faith effort before filing the Motion to contact the parties against whom relief is sought to inform the parties of the time and place of the anticipated hearing.

Pursuant to Wis. Stat. § 813.02, as set forth in the Verified Complaint, this Court is the proper place of trial of this action, and the residence of each Defendant is stated in the caption of the Verified Complaint.

This Motion will be heard by Zoom on March 15, 2022, at 9:00 A.M. in Branch 14 of the Milwaukee County Circuit Court, the Honorable Christopher R. Foley presiding, in Room 414 of the Milwaukee County Courthouse, 901 N. 9th St. in Milwaukee, Wisconsin 53233. The Zoom Meeting information is as follows:

> https://wicourts.zoom.us/j/82847334464?pwd=ajNQL3ZrY1ZYTGxvRkVieXIwd ThtZz09
> Meeting ID: 828 4733 4464
> Passcode: 647873

KAIST also asks the Court set a briefing schedule and hearing date for KAIST's forthcoming motion for a temporary injunction pending resolution of KAIST's claims on the merits. KAIST will file the motion for a temporary injunction according to the schedule set by the Court.

Dated this 10th day of March 2022.

GASS TUREK LLC

*Electronically signed by Daniel A. Manna*
Daniel A. Manna, SBN 1071827
Jerome C. Mohsen, SBN 1097525
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
(414) 223-3300 – phone
(414) 224-6116 – fax
manna@gassturek.com
mohsen@gassturek.com

*Attorneys for KOREA ADVANCED INSTITUTE OF SCIENCE AND TECHNOLOGY*

3

**FILED**
**03-10-2022**
**George L. Christenson**
**Clerk of Circuit Court**
**2022CV001342**

STATE OF WISCONSIN　　CIRCUIT COURT　　MILWAUKEE COUNTY

KOREA ADVANCED INSTITUTE OF
SCIENCE AND TECHNOLOGY,

　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　Case No. 2022-cv-1342

v.

KIP CO., LTD. f/k/a KAIST IP Co., Ltd.,
P&IB CO., LTD., IN GYOO KANG,
KIPB LLC f/k/a KAIST IP US LLC,
PAULINA FUNDINGCO, LLC, and
U.S. BANK NATIONAL ASSOCIATION,
as Trustee for US Bank TFM Escrow Account,

　　　　　　　　Defendants.

---

## CERTIFICATION OF ATTORNEY JEROME C. MOHSEN

---

I, Jerome C. Mohsen, state and certify as follows:

　　　1.　　I am an attorney at Gass Turek LLC and represent the plaintiff in the above-captioned action (the "Action").

　　　2.　　Pursuant to Local Rule 1.19A., on March 10, 2022, the deputy court clerk of the branch to which this Action is now assigned set a hearing date and time in relation to the motion for a temporary restraining order (the "Motion") filed concurrently with this Certification.

　　　3.　　The deputy court clerk scheduled the hearing as follows: The Motion will be heard by Zoom on March 15, 2022, at 9:00 A.M. in Branch 14 of the Milwaukee County Circuit Court, the Honorable Christopher R. Foley presiding, in Room 414 of the Milwaukee

County Courthouse, 901 N. 9th St. in Milwaukee, Wisconsin 53233. The Court issued a

Notice of Hearing (the "Notice") (Doc. 21).

      4.      Pursuant to Local Rule 3.13A.1., I made good faith efforts to contact all

Defendants in this Action to inform them of the time and place of the hearing.

      5.      Attorney Hyung Gyu (Leo) Sun and Attorney David Ludwig, of Dunlap

Bennett & Ludwig PLLC represent Defendants KIPB LLC f/k/a KAIST IP US LLC, KIP

CO., LTD. f/k/a KAIST IP Co., Ltd., P&IB CO., LTD., and In Gyoo Kang (the "KIP

Defendants") in relation to this Action. Attorney Hyung Gyu (Leo) Sun so confirmed in an

email to me dated March 4, 2022. As of this filing, no attorney has appeared for the KIP

Defendants in this Action yet.

      6.      On March 10, 2022, I sent Attorney Hyung Gyu (Leo) Sun and Attorney

David Ludwig an email message enclosing a letter notifying them of the place and time of

the hearing as well as the Notice.

      7.      Defendant PAULINA FUNDINGCO, LLC ("Paulina") is represented in this

Action by Attorney Steven M. Biskupic and Attorney Justin J. Dreikosen of Biskupic &

Jacobs, S.C. Both have appeared electronically in this Action and have thus received the

Notice by ECF. Additionally, Attorney Steven M. Biskupic was with the deputy court clerk

and me on a telephone call during which the deputy court clerk scheduled the hearing.

      8.      On February 25, 2022, I conferred by telephone with Defendant U.S. Bank

staff who stated U.S. Bank does not have a general phone number or email address for its

legal department and that the way to contact it is to drop off correspondence at any U.S.

Bank branch. On March 10, 2022, I sent by courier messenger a letter, enclosing the Notice

2

as well as the documents related to the Motion (Docs. 10, 11, 12), stating the place and time of the anticipated Motion hearing, to U.S. Bank National Association, Corporate Legal Department, at 777 E. Wisconsin Avenue, Milwaukee, WI 53202.

Dated this 10th day of March 2022.

*Electronically signed by Jerome C. Mohsen*
Jerome C. Mohsen, SBN 1097525
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
(414) 223-3300 – phone
(414) 224-6116 – fax
mohsen@gassturek.com

3