# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KOREA ADVANCED INSTITUTE OF<br>SCIENCE AND TECHNOLOGY<br><br>      Plaintiff,<br><br>  v.<br><br>KIP CO., LTD. f/k/a KAIST IP Co., Ltd.;<br>P&IB CO., LTD.;<br>IN GYOO KANG;<br>KIPB LLC f/k/a KAIST IP US LLC;<br>PAULINA FUNDINGCO, LLC; and<br>U.S. BANK NATIONAL ASSOCIATION<br><br>      Defendants. | CASE NO.: |

## **DECLARATION OF JASON MURRAY**

I, Jason Murray, affirm and swear the following:

1. I am a partner at Bartlit Beck LLP. I represent Paulina FundingCo, LLC, in an ongoing arbitration against KIP Co. Ltd. (formerly known as KAIST IP Co., Ltd.) ("KIP"), P&IB Co., Ltd, and KIPB LLC.

2. I understand that in 2016, P&IB approached a U.S. litigation finance firm about funding litigation to enforce U.S. Patent No. No. 6,885,055 (the "U.S. Patent") against companies such as Samsung.

3. The arbitration concerns a Purchase Agreement entered into on or around July 29, 2016, between Paulina, KIP, KIPB, and P&IB (along with a third-party Professor Jong-Ho Lee), which memorialized the terms of that litigation funding arrangement.

4. Section 7.4 of the Purchase Agreement contains a mandatory Arbitration provision, which states in relevant part:

> "Any controversy or claim arising out of or relating to this Agreement or any other Transaction Document, or the breach thereof, shall be settled by confidential arbitration in Chicago, Illinois administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction. For the avoidance of doubt, Seller, the Owners, and Purchaser agree that even claims of emergency equitable relief, such as a temporary restraining order, may be sought only in arbitration pursuant to this Section 7.4…"

5. After a final judgment against Samsung, and subsequent settlement, a dispute developed between Paulina on the one hand, and KIPB, KIP, P&IB, and third-party Professor Jong-Ho Lee on the other hand, about the amount of proceeds Paulina was entitled to receive under the parties' Purchase Agreement.

6. On August 31, 2020, invoking the arbitration clause in Section 7.4 of the Purchase Agreement, Paulina initiated an American Arbitration Association ("AAA") arbitration against KIPB, KIP, P&IB, and Professor Lee to recover proceeds from the U.S. Patent litigation. The arbitration proceeding was instituted under the AAA's international arbitration division, the International Centre for Dispute Resolution ("ICDR").

7. In that arbitration, Paulina alleges that it provided KIPB with funds to finance litigation on a U.S. Patent against Samsung in the Eastern District of Texas. Paulina further alleges that KIP, P&IB Co., and KIPB LLC owe Paulina unpaid investment return under that Purchase Agreement.

8. As part of the relief it sought, Paulina requested an emergency order directing the Respondents KIPB, KIP, P&IB, and third-party Professor Lee to place settlement proceeds in trust pending this arbitration.

9. On September 8, 2020, finding that Paulina was likely to succeed on its claims against the respondents, and that Paulina was likely to suffer irreparable harm in the form of

2

"loss of the security for which the Applicant bargained under the [Purchase Agreement]," Emergency Arbitrator Walker ordered KIPB, KIP, P&IB, and Professor Lee to place $21 million into an escrow account pending the resolution of the arbitration:

> "For the reasons explained in this Award, and rejecting all requests to the contrary, and subject to any contrary order of the Arbitral Tribunal once constituted, the Emergency Arbitrator orders that: the Respondents direct USD$21 million from any payment from Samsung into … a trust account of another mutually acceptable third-party located in the United States, until such time as ordered by the Emergency Arbitrator or by the Arbitral Tribunal in this Arbitration once constituted …"

10. In compliance with Arbitrator Walker's order, the parties signed an escrow agreement establishing an escrow fund managed by Defendant U.S. Bank National Association (the "Arbitration Escrow Fund").

11. The arbitration remains ongoing and does not yet have an expected date for a final award.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed this 11th day of March, 2022.

Respectfully submitted,

_____
Jason Murray
Partner, Bartlit Beck LLP