UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KOREA ADVANCED INSTITUTE OF SCIENCE AND TECHNOLOGY<br><br>Plaintiff,<br><br>v.<br><br>KIP CO., LTD. f/k/a KAIST IP Co., Ltd.;<br>P&IB CO., LTD.;<br>IN GYOO KANG;<br>KIPB LLC f/k/a KAIST IP US LLC;<br>PAULINA FUNDINGCO, LLC; and<br>U.S. BANK NATIONAL ASSOCIATION<br><br>Defendants. | CASE NO.: 2022-CV-00317 |

## U.S. BANK NATIONAL ASSOCIATION'S BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE, TO DROP U.S. BANK AS A PARTY TO THIS ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 21

### INTRODUCTION

This action represents a business dispute between Plaintiff Korea Advanced Institute of Science and Technology ("KAIST") and defendants other than U.S. Bank National Association ("U.S. Bank"). KAIST alleges that these other parties have improperly utilized funds under a business agreement, and that KAIST is entitled to injunctive relief and damages as a result.

U.S. Bank is simply an escrow agent under an escrow agreement with two of the defendants to this action, Paulina FundingCo, LLC and KIPB, LLC, f/k/a KAIST IP US, LLC. The funds held in escrow by U.S. Bank relate to an arbitration award in a separate legal proceeding involving those parties. U.S. Bank has no connection to any of KAIST's claims in this action, which is why KAIST has not – indeed, cannot – assert any actual cause of action against U.S. Bank.

Instead, KAIST seeks an injunction against U.S. Bank which is untethered from any legal foundation and which would contravene the rights and obligations of the parties to the escrow agreement. It is black letter law, however, that an injunction is a form of relief which must be warranted by some legal violation. Yet KAIST fails to allege any facts to show that U.S. Bank has committed any violation, and therefore KAIST has failed to state a claim against U.S. Bank, warranting dismissal.

Moreover, KAIST cannot show that U.S. Bank's inclusion in this lawsuit meets the standard for permissive joinder set forth in Rule 20 of the Federal Rules of Civil Procedure. KAIST's amended complaint makes clear that U.S. Bank's only role in this case is to ensure that KAIST has access to the escrowed funds to satisfy any potential judgment in favor of KAIST against the other defendants. KAIST does not allege that U.S. Bank has or will imminently do anything wrong or illegal, and clear Seventh Circuit precedent holds that a party's joinder for this reason is improper. The remedy is to drop U.S. Bank as a party to this action under Rule 21 of the Federal Rules.

This Court should dismiss KAIST's claims against U.S. Bank because KAIST has failed to state a claim against U.S. Bank or, in the alternative, U.S. Bank should be dropped from this action because it was improperly joined.

## BACKGROUND

KAIST initiated this action by filing a summons and verified complaint in the Circuit Court for Milwaukee County, Wisconsin. (Dkt. #1-1 at 2-5.) KAIST's complaint described a dispute between KAIST and KIP Co., P&IB Co., Ltd., In Gyoo Kang, KIPB LLC, and Paulina FundingCo, LLC (the "Principal Defendants"). (*See generally id.* at 3-10.) According to the complaint, the dispute arose out of a business agreement involving the Principal Defendants and the parties' use of funds related to that business agreement. (*Id.*)

KAIST offered two factual allegations relevant to U.S. Bank in the complaint: 1) its corporate status as a national association that does business in Wisconsin. (*Id.* at ¶ 12); and 2) that the Bank possesses funds in trust, in which funds KAIST claims an interest. (*Id.* at ¶¶ 48-49.) KAIST did not allege that U.S. Bank was a party to the business agreement or that U.S. Bank was otherwise involved in any of the dealings that gave rise to the complaint.

Despite this dearth of factual allegations, KAIST's complaint alleged one cause of action against U.S. Bank—a freestanding claim for a permanent injunction "preventing U.S. Bank from distributing any [disputed funds] it holds in trust until all apportionment issues are resolved in tribunals of appropriate jurisdiction or by settlement among all the parties, including KAIST." (*Id.* at ¶¶ 58-65.)

Paulina removed the case to this Court and filed a motion to dismiss KAIST's complaint, which U.S. Bank joined (Dkts. #26, 27.) In response, KAIST filed a "First Amended Complaint" on April 20, 2022 (Dkt. #30; the "Amended Complaint"). KAIST's amended factual allegations as to U.S. Bank regarding its corporate organization and U.S. Bank's possession of funds in trust remained substantively unchanged. (*Id.* at ¶¶ 11, 42, 48-49). Notably, however, KAIST omitted any independent cause of action (for injunctive relief or otherwise) against U.S. Bank from the Amended Complaint, instead restyling the "claim" solely as a remedy in its prayer for relief for a "permanent injunction" against U.S. Bank relating to the escrow account. (*Id.* at 17, ¶ B.)

## ARGUMENT

### I. Legal Standard

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege sufficient grounds for entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint

3

must describe the claim in enough detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," raising the right to relief "above the speculative level." *Twombly*, 550 U.S. at 555. To do so, the complaint must state a claim that is facially plausible. *Id.*; *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th. Cir. 2015).

In making this determination under the Supreme Court's standard announced in *Iqbal* and *Twombly*, a court "accept[s] the well-pleaded facts in the complaint as true. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). However, "legal conclusions and conclusory allegations merely reciting the elements of claim are not entitled to this presumption of truth." *Id.* (citing *Iqbal*, 556 U.S. at 680-81).

**II.     KAIST's Amended Complaint is devoid of any facts which could form the basis for a judgment in its favor against U.S. Bank, warranting dismissal under FRCP 12(b)(6).**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard requires a pleader to offer substantive factual elaboration beyond "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

KAIST fails to allege any facts in the Amended Complaint entitling it to any relief from U.S. Bank. As described above, the only allegations relating to U.S. Bank relate to its existence and the existence of the escrow agreement. At least as to U.S. Bank, KAIST falls far short of the pleading requirements of FRCP 8(a)(2) and U.S. Bank is unable to comply with FRCP 8(b) as a result. Instead, KAIST ignores these basic rules of pleading and implicates U.S. Bank in its prayer for relief, wherein it seeks a "permanent injunction preventing U.S. Bank from distributing any Infringement Lawsuit settlement funds it holds in trust until KAIST has collected its judgment in

4

this action, and, if KAIST's ability to collect is disputed, such disputes have been resolved in courts of competent jurisdiction."

Courts have repeatedly held that "[d]eclaratory relief and injunctive relief are not stand-alone legal claims; rather, they are remedies that depend on the existence of underlying adverse legal interests and a meritorious legal claim." *Abraham v. State Farm Mut. Auto. Ins. Co.*, No. 19-CV-3028, 2021 WL 1209854, at *3 (N.D. Ill. Mar. 31, 2021), *citing Amling v. Harrow Industries LLC*, 943 F.3d 373, 377 (7th Cir. 2019). Because injunctions and declarations are "forms of relief or remedies, not stand-alone claims," the right to either remedy "is dependent on proof of a cognizable claim or a legal theory entitling [the plaintiff] to such relief." *Weis v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 837 F. Supp. 2d 971, 975 (E.D. Wis. 2011) (citing *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 889 (7th Cir. 2011)). As a result, a plaintiff cannot make requests for injunctive or declaratory relief as separate "counts"; such requests are merely "a remedy in the event that the plaintiff proves his claim." *Carrington v. Experian Holdings, Inc.*, 469 F. Supp. 3d 891, 902 (W.D. Wis. 2020), citing *Selective Ins. Co. of S. Carolina v. City of Paris*, 769 F.3d 501, 508 (7th Cir. 2014).

Without alleging substantive facts against U.S. Bank, KAIST may not seek naked injunctive relief, which "is a remedy, not a cause of action, and thus should not be pleaded as a separate count." *Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 n.4 (7th Cir. 2019). Such an attempted "claim" for injunctive relief "should be dismissed." *Priority Int'l Animal Concepts, Inc. v. Bryk*, No. 12-C-0150, 2012 WL 1854121, at *3 (E.D. Wis. May 21, 2012). Moreover, "[a] bare claim for injunctive relief apart from the legal claim or theory which entitles one to such relief is not cognizable." *Weis*, 837 F. Supp. 2d at 975.

The Amended Complaint should be dismissed as to U.S. Bank for failing to state a claim because KAIST's request for injunctive relief against U.S. Bank is wholly unsupported by any

5

allegations which, if deemed true for the purpose of this motion, would entitle KAIST to such relief. The requested injunction is not a standalone, cognizable against U.S. Bank, which is just an escrow agent and nothing more in this context.

### III. Additionally, or alternatively, U.S. Bank should be dropped as a party to this action under FRCP 21 because KAIST failed to comply with the permissive joinder requirements of FRCP 20.

Even assuming *arguendo* that KAIST's sparse allegations meet the applicable pleading standard as to U.S. Bank, the Court may nevertheless remove or drop U.S. Bank from this action for the independent reason that it is misjoined in this business dispute.[1]

Pursuant to Federal Rule of Civil Procedure 20,

> Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A-B). This Rule thus

> imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; *and* (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread).

*Tanners Creek Dev., LLC v. Toms,* 2019 U.S. Dist. LEXIS 13552, at *8 (S.D. Ind. Jan. 29, 2019) (emphasis in original) quoting *Intercon Research Assocs., Ltd. V. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982).

---

[1] As shown here, U.S. Bank's inclusion in this action violates Rule 20's criteria for proper joinder. The appropriate remedy for this misjoinder is dismissal pursuant to Rule 21, titled "Misjoinder and Nonjoinder of Parties". "Rule 21 gives the court discretion to . . . drop (dismiss) parties. . . . The most common example of *misjoinder* occurs when a plaintiff structures the case in violation of permissive party joinder prerequisites [under Rule 20]. . . . **Failure to satisfy [Rule 20] constitutes misjoinder of parties**." 4 Moore's Federal Practice - Civil § 21.02 (2022) (italics in original; bold emphasis added).

The Seventh Circuit's decision in *Intercon* provides the applicable rule of decision here because the facts of that case are nearly indistinguishable from the facts in the case at bar. That case, as here, involved a contract dispute between the plaintiff, Intercon, and two defendants: an entity, AMC, and AMC's principal officer and shareholder, Roger Orio. *Intercon*, 696 F.2d at 54. Specifically, Intercon alleged that it entered into a contract with AMC and Orio, and that under that contract, Intercon was due commissions for a sale made by AMC and Orio to Dresser Industries. *Id*.

Intercon also included Dresser as a defendant. *Id*. at 54-55. Despite the fact that Intercon undisputedly neither had any contractual relations with Dresser, nor alleged that Dresser had committed any legal wrong, Intercon nonetheless brought a count against Dresser, seeking

> judgement declaring a lien in favor of Plaintiff on any and all sums paid or payable to AMC and/or Orio by Dresser and to further enjoin Dresser from paying any sums to AMC and/or Orio without first paying Plaintiff all sums found to be due.

*Id*. at 55. Dresser ultimately moved to dismiss Intercon's claim for a declaratory judgment under Federal Rule of Civil Procedure 20, which the district court granted. *Id*. at 55-56.

The court of appeals agreed. *Id*. at 57. In upholding the trial court's dismissal of Dresser, the Seventh Circuit reasoned that, whereas Intercon's claims against AMC and Orio arose out of Intercon's "privity of contract" with those parties, Dresser's relation to the suit was merely tangential. *Id*. at 57. Indeed, the only reason Intercon joined Dresser was to "ensure satisfaction of a potential judgment against AMC and Orio." *Id*. Accordingly, the court held, Dresser was rightfully dismissed from the action.

The injunctive relief KAIST seeks against U.S. Bank suffers from the exact same flaws identified by the court in *Intercon*. Indeed, as in *Intercon*, KAIST's claims against the principal defendants, those parties KAIST actually alleges committed some wrongdoing - KIP, P&IB, In

Gyoo Kang, KIPB, and Paulina – arise out of contractual or other business relations KAIST maintained with those parties. Yet, KAIST does not allege any contractual or other business relationship with U.S. Bank relevant to this suit. Instead, KAIST has dragged U.S. Bank into this just in case it prevails against the principal defendants so that KAIST would have access to proceeds to satisfy a judgment. However, this is the precise type of claim the Seventh Circuit has held does not satisfy FRCP 20, and should therefore be dismissed.

Moreover, U.S. Bank's continued involvement in this action offends "principals of fundamental fairness," further counseling dismissal. *Intercon*, 696 F.2d at 57-58 ("when deciding the question of joinder under Rule 20, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." quoting *Desert Empire Bank v. Ins. Co. of North Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (quotation marks omitted).).

Returning to *Intercon*, the court of appeals held that forcing Dresser to remain in the suit plainly violated traditional notions of fairness. *Id.* at 58. The court noted that not only was Dresser not a party to the contracts that gave rise to Intercon's claims, "there [was] no evidence that Dresser Industries had acted improperly toward the plaintiff Intercon." *Id*. "Under this fact situation," the court reasoned, "it would violate principles of fundamental fairness to require Dresser Industries to expend the time and expense of defending in an action brought to merely ensure payment of any judgment rendered against the two principal defendants."

KAIST fails to satisfy the permissive joinder requirements of FRCP 20 and offends traditional notions of fairness. *Intercon* provides a strong precedent in support of removing U.S. Bank from this action pursuant to FRCP 21.

8

Case 2:22-cv-00317-WED    Filed 06/03/22    Page 8 of 9    Document 37

## CONCLUSION

For these reasons, the Court should dismiss KAIST's claim for a permanent injunction against U.S. Bank.

Dated: June 3, 2022.

                                                 */s/ Christopher J. Schreiber*
                                                 Christopher J. Schreiber, SBN 1039091
                                                 Alexander M. DeGuire, SBN 1097948
                                                 MICHAEL BEST & FRIEDRICH LLP
                                                 790 N. Water Street, Suite 2500
                                                 Milwaukee, WI 53202
                                                 (414) 271-6560

                                                 *Counsel for Defendant U.S. Bank National Association*