# EXHIBIT A



# Certification of Translation

## COUNTY OF SUFFOLK
## COMMONWEALTH OF MASSACHUSETTS

On the day of April 16, 2021

Linguistic Systems, Inc., 260 Franklin Street, Suite 230, Boston, Massachusetts 02110, completed the attached translation from Korean into English.

I, Xiaohua Fu, certify that the attached translated document has been translated by a qualified and vetted linguist fluent in both Korean and English and is a true and correct English version of the original Korean, to the best of the linguist's knowledge and belief.

File name:

*Fu Xiaohua*

Xiaohua Fu
Translation Project Manager

Linguistic Systems, Inc.

260 Franklin Street, Suite 230, Boston, MA 02110 | Phone: 617-528-7400 | Fax: 617-528-7490 | www.linguist.com
Certifications: ISO 9001 | ISO 17100 | ISO 27001

# Business Agreement

Korea Advanced Institute of Science and Technology (hereinafter referred to as "KAIST") and KAIST IP Co., Ltd. (hereinafter referred to as "KAIST-IP"), in accordance with the (tentatively named) Agreement for Establishment of KAIST IP and its Annex Agreement (signed on May 29, 2012), agree as follows and conclude this Agreement.

**Article 1 (Purpose)**
The purpose of this Agreement is to make the technology, ideas, know-how, etc. that KAIST intends to turn into intellectual property rights into intellectual property rights with high value of use and high possibility of commercialization success (hereinafter referred to as "Strong Intellectual Property Rights"), and to promote maximum profit generation through active exercise of such Strong Intellectual Property Rights.

**Article 2 (Roles and responsibilities)**
1. Creation of Strong Intellectual Property Rights
   KAIST-IP shall perform the following tasks in consultation with KAIST to ensure that inventions reported by each laboratory belonging to KAIST are registered with Strong Intellectual Property Rights, and shall report the progress to KAIST as necessary and regularly.
   
   A. Research/analysis of prior art and evaluation of invention
      : It shall examine domestic and foreign prior patent information, analyzes the examined information, and shall evaluate the possibility of registration and commercialization of the relevant invention.
   
   B. Review of the claims of the invention for which the application has been decided and arranging the claims of the invention for which registration has been decided
      : It shall perform the task to prevent the application and registration of unnecessary claims by reviewing the contents of the draft specifications to be filed and the patent gazette.
   C. It shall perform other tasks, which were negotiated between the two parties, necessary to create 'Strong Intellectual Property Rights.'

2. Active Exercise of Rights
   A. Continuous infringement investigation/discovery
      KAIST-IP shall select intellectual property rights that can be actively exercised by continuously investigating and analyzing cases of unauthorized execution of third parties on intellectual property rights held by KAIST.

   B. Grant of exclusive license and transfer of rights

KAIST-IP may request KAIST to grant exclusive licenses or transfer rights of the relevant intellectual property rights when it selects intellectual property rights that can be actively exercised, and KAIST shall actively cooperate with them.

C.  Faithful performance and regular reporting
    KAIST-IP shall do its best to generate maximum profits by actively utilizing the exclusive licenses granted or rights transferred by KAIST, and regularly report the progress to KAIST.

D.  Other tasks necessary for the active exercise of intellectual property rights, agreed between the two parties, shall be performed.

**Article 3 (Payment of Expenses and Distribution of Profits)**

1. KAIST shall pay the expenses (excluding VAT) for KAIST-IP to perform the tasks pursuant to Article 2.1 above as follows.
   A. Research/analysis of prior art and evaluation of invention - KRW 400,000/invention
   B. Visiting and interviewing the inventor - KRW 50,000/invention
   C. Review of the claims of the invention for which the application has been decided and arranging the claims of the invention for which registration has been decided - KRW 80,000/case

2. KAIST-IP shall pay KAIST an amount equivalent to the share held by KAIST with respect to the profits excluding necessary expenses (stamp charges, attorney expenses, etc.) and reserves for KAIST-IP corporation agreed by both parties, in case where profit is generated as a result of the performance of tasks pursuant to Article 2.2.

3. The consideration stipulated in Paragraph 1 above shall be settled and paid every month, and the profit distribution stipulated in Paragraph 2 above shall be settled and paid every 6 months.

**Article 4 (Term of Agreement)**

The term of this Agreement shall be 3 years from the date of the signing this Agreement, and it shall be automatically extended every two years if there is no opinion from either party on the change or termination of the Agreement earlier than one month before the expiration of the Agreement.

**Article 5 (Responsibilities for Performance after the Expiration of the Agreement)**
1. Even though the agreement period stipulated in Article 4 above has expired, in case where profit is generated based on tasks performed by KAIST-IP pursuant to Article 2.2 during the period of this Agreement, KAIST-IP shall pay KAIST the money pursuant to Article 3.2.
2. Even though the agreement period stipulated in Article 4 above has expired, both parties should actively cooperate with each other to finish the work performed during the period of this Agreement.

**Article 6 (Performance in good faith)**
KAIST and KAIST-IP shall do their best to faithfully perform their respective tasks prescribed in this Agreement as soon as possible.

**Article 7 (Force Majeure)**
1. Unless otherwise provided in this Agreement, neither party shall hold the other party responsible for the impossibility of performance of their obligations due to natural disasters, floods, typhoons, or fires: Provided, That the party who suffered the above force majeure shall immediately notify the other party of the details of the force majeure and the expected period of force majeure, and shall cooperate to minimize the damage to the other party during the period of force majeure.
2. In the event that the causes of force majeure stipulated in paragraph 1 above continues for more than three months, either party may terminate this Agreement by written notice to the other party.

**Article 8 (Confidentiality)**
KAIST and KAIST-IP shall not disclose or provide confidential information of the other party learned in connection with this Agreement, including the contents of this Agreement to a third party or outside.

**Article 9 (Consultation)**
For matters not stipulated in this Agreement, KAIST and KAIST-IP shall consult with each other to seek a solution in order to achieve the purpose of this Agreement.

-3-
Case 2:22-cv-00317-WED   Filed 06/03/22   Page 5 of 12   Document 39-1

**Article 10 (Compensation for damages)**

Both parties shall compensate the other party for damages in case of inflicting damage to the other party by violating any provision of this Agreement.

**Article 11 (Termination of Agreement)**

If either KAIST or KAIST-IP has a clear reason for non-performance of the Agreement, Each of KAIST and KAIST-IP may terminate part or all of this Agreement even within the period of the agreement stipulated in Article 4 above. KAIST and KAIST-IP shall notify the other party in writing by allowing a period of 30 days from the date of the occurrence of the reason for termination of the Agreement, and may terminate this Agreement if the reason for termination is not corrected by the required date.

**Article 12 (Change of Agreement)**

KAIST and KAIST-IP may change part of the contents of this Agreement by written agreement.

**Article 13 (Prohibition of Transfer)**

KAIST-IP shall not transfer the rights and obligations under this Agreement or provide them as collateral to a third party without the prior written consent of KAIST.

**Article 14 (Settlement of Dispute)**

In the event of a dispute over the contents of this Agreement, it shall be finally resolved by arbitration in accordance with the arbitration rules of the Korea Commercial Arbitration Board.

**Article 15 (Keeping of Agreement)**

Each of KAIST and KAIST-IP shall seal this Agreement and keep one copy, and both are responsible for keeping it confidential.

**Article 16 (Coming into effect of Agreement)**

-4-

Case 2:22-cv-00317-WED   Filed 06/03/22   Page 6 of 12   Document 39-1

This Agreement shall come into effect on the date that A and B respectively seal this Agreement.

Jul 2, 2012

291, Daehak-ro, Yuseong-gu, Daejeon, ROK
**Korea Advanced Institute of Science and Technology**
President Nam-pyo Seo （seal）

291, Daehak-ro, Yuseong-gu, Daejeon, ROK
**KAIST-IP Co., Ltd.**
Representative director In-gyoo Kang （seal）

# 업 무 협 약 서

한국과학기술원(이하 "KAIST"라 한다)과 카이스트아이피 주식회사(이하 "KAIST-IP"라 한다)는 (가칭)카이스트아이피 설립 협약서 및 그 부속합의서(협약체결일 2012년 5월 29일)에 의거하여 다음과 같이 합의하고 본 협약을 체결한다.

## 제1조 (목 적)

본 협약은 KAIST가 지식재산권으로 권리화하고자 하는 기술, 아이디어, 노하우 등을 활용가치와 사업화 성공률이 높은 지식재산권(이하, "강한 지재권"이라 한다)으로 만들고, 이러한 강한 지재권의 적극적 권리행사를 통해 최대의 수익창출을 도모하는데 그 목적이 있다.

## 제2조 (역할 및 책임)



1. 강한 지재권 창출

    KAIST-IP는 KAIST와 협의하여 KAIST에 소속된 각 연구실에서 신고하는 발명을 강한 지재권으로 등록되도록 하기 위해 다음과 같은 업무를 수행하며, 그 진행사항을 수시 및 정기적으로 KAIST에게 보고한다.

    가. 선행기술 조사/분석 및 발명 평가

    : 국내외 선행특허 정보를 조사하고, 조사된 정보를 분석하여 해당 발명의 등록가능성 및 사업화 가능성을 평가한다.

    나. 출원 결정된 발명의 청구항 검토 및 등록 결정된 발명의 청구항 정리



    : 출원할 명세서 초안 및 등록 결정된 공보의 내용을 검토하여 불필요한 청구항의 출원 및 등록을 방지하기 위한 업무를 수행한다.

    다. 기타 양 당사간에 협의된 '강한 지재권' 창출에 필요한 업무를 수행한다.

2. 적극적 권리행사

    가. 상시적 침해 조사/발굴

    KAIST-IP는 KAIST 보유 지식재산권에 대해 상시적으로 제3자의 무단 실시 사례를 조사 분석하여, 적극적 권리 행사가 가능한 지식재산권을 선별한다.

    나. 전용실시권 허여 및 권리양도

- 1 -

Case 2:22-cv-00317-WED   Filed 06/03/22   Page 8 of 12   Document 39-1

Confidential – Produced Pursuant to a Protective Order

KAIST-IP는 적극적 권리 행사가 가능한 지식재산권을 선별한 경우 해당 지식재산권의 전용실시권 허여나 권리 양도를 KAIST에게 요청할 수 있고, KAIST는 이에 적극적으로 협력한다.

다. 성실이행 및 정기보고

KAIST-IP는 KAIST로부터 허여 받은 전용실시권이나 양도받은 권리를 적극적으로 활용하여 최대의 수익이 발생하도록 최선을 다하여야 하고, 그 진행 상황에 대해 KAIST에게 정기적으로 보고하기로 한다.

라. 기타 양 당사자 간에 협의된, 지식재산권의 적극적 권리 행사에 필요한 업무를 수행한다.

## 제3조 (비용 지급 및 수익 분배)

1. KAIST는 KAIST-IP가 위 제2조 1항에 따른 업무를 수행하는데 대한 비용(VAT 별도)을 다음과 같이 지급하기로 한다.
   가. 선행기술 조사/분석 및 발명 평가 - 일금 400,000원/발명
   나. 발명자 방문 면담 - 일금 50,000원/발명
   다. 출원 결정된 발명의 청구항 검토 또는 등록 결정된 발명의 청구항 정리 - 일금 80,000원/건

2. KAIST-IP는 위 제2조 2항에 의한 업무 수행 결과로 수익이 발생하는 경우, 필요 경비(인지대, 소송 대리인 비용 등) 및 양 당사자가 합의한 KAIST-IP 법인을 위한 유보금을 제외한 수익에 대해 KAIST 보유 지분에 해당하는 비율의 금액을 KAIST에게 지급하기로 한다.

3. 위 1항에 규정된 대가는 1개월 단위로 정산하여 지급하기로 하고, 위 2항에 규정된 수익 배분은 6개월 단위로 정산하여 지급하기로 한다.

## 제4조 (협약기간)

협약기간은 본 협약 체결일로부터 3년간으로 하고, 협약 만료 1개월 이전에 어느 일

- 2 -

Case 2:22-cv-00317-WED   Filed 06/03/22   Page 9 of 12   Document 39-1

Confidential – Produced Pursuant to a Protective Order

방으로부터 계약 변경, 해지에 관한 의견 개진이 없으면 2년 단위로 자동 연장되는 것으로 한다.

## 제5조 (협약 만료 후의 이행 책임)

1. 위 제4조에 정한 협약기간이 만료되더라도 본 협약 기간 중 KAIST-IP가 제2조 2항에 따라 수행한 업무에 기초하여 수익이 발생하는 경우, KAIST-IP는 KAIST 에게 제3조의 2항에 따른 금원을 지급하기로 한다.
2. 위 제4조에 정한 협약 기간이 만료되더라도 본 협약 기간 중에 진행된 업무의 종결을 위해 양 당사자는 서로에게 적극 협력하여야 한다.

## 제6조 (성실이행)

KASIT와 KAIST-IP는 본 협약서에 규정된 각자의 업무에 대해 최단 시일 내에 최선을 다하여 성실히 수행하여야 한다.

## 제7조 (불가항력)

1. 본 협약에 따로 정함이 없는 한, 양 당사자는 천재지변, 홍수, 태풍, 화재로 인해 쌍방의 의무 이행불능 상태 등에 대한 책임을 상대방에게 묻지 않는다. 단, 위의 불가항력을 당한 당사자는 즉시 상대방에게 불가항력의 내용과 예상되는 불가항력의 기간을 통지하여야 하며, 불가항력의 기간 동안 상대방의 손해를 최소화할 수 있도록 협조하여야 한다.
2. 위 제1항에 규정된 불가항력적 사유가 3개월 이상 계속되는 경우, 일방 당사자는 상대방에 대한 서면통지로써 본 계약을 해지할 수 있다.

## 제8조 (비밀유지)

KAIST와 KAIST-IP는 본 협약서의 내용을 비롯하여 본 협약과 관련되어 습득한 상대방의 비밀사항을 제3자 또는 외부에 공개 또는 제공하여서는 아니 된다.

## 제9조 (협의)

본 협약서에 정해지지 않은 사항에 대해서는 본 협약의 목적 달성을 위한 취지 하에 KAIST와 KAIST-IP가 서로 협의하여 그 해결을 도모하기로 한다.

Confidential – Produced Pursuant to a Protective Order

## 제10조 (손해배상)

양 당사자는 본 협약서의 제반 규정을 위반하여 상대방에게 손해를 입힌 경우 그 손해를 배상하여야 한다.

## 제11조 (협약해지)

위 제4조에 규정된 협약기간 내라도 KAIST와 KAIST-IP 어느 일방에 명백한 협약 불이행 사유가 발생하는 경우, KAIST와 KAIST-IP 각각은 이 협약의 일부 또는 전부를 해지할 수 있다. 이를 위해 KAIST와 KAIST-IP는 협약해지의 사유가 발생한 날로부터 30일간의 기간을 두고 상대방에게 서면으로 통지한 후 요구한 시일까지 해지 사유가 치유되지 않으면 본 협약을 해지할 수 있다.

## 제12조 (협약변경)

KAIST와 KAIST-IP는 서면 합의로 본 협약의 일부 내용을 변경할 수 있다.

## 제13조 (양도금지)

KAIST-IP는 KAIST의 사전 서면 동의 없이 본 협약상의 권리 및 의무를 제3자에게 양도하거나 또는 담보로 제공할 수 없다.

## 제14조 (분쟁해결)

본 협약내용에 대해 분쟁이 발생한 경우에는 대한상사중재원의 중재규칙에 따른 중재에 따라 최종 해결한다.

## 제15조 (협약서의 보관)

본 협약서는 KAIST와 KAIST-IP가 각각 날인하고, 이를 KAIST와 KAIST-IP가 각각 1통씩 보관하며, 양자는 이를 대외비로 보관할 책임을 진다.

## 제16조 (협약의 발효)

Confidential – Produced Pursuant to a Protective Order

본 협약은 甲과 乙이 본 협약서에 각각 날인하는 날로부터 효력이 발생한다.

2012년  7월  2일

대전광역시 유성구 대학로 291
**한 국 과 학 기 술 원**
총 장  서 남 표   (인) 

대전광역시 유성구 대학로 291
**카이스트아이피**
**주식회사**
대표이사  강 인 규  (인) 

- 5 -

Case 2:22-cv-00317-WED   Filed 06/03/22   Page 12 of 12   Document 39-1

Confidential – Produced Pursuant to a Protective Order