🚩 KeyCite Yellow Flag - Negative Treatment
Distinguished by Carolina Cas. Ins. Co. v. Merge Healthcare Inc., N.D.Ill., September 6, 2011

2003 WL 21148841
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois, Eastern Division.

ARVIDA/JMB MANAGERS, INC., on behalf of Arvida/JMB Partners, L.P., Plaintiff,
v.
UNITED STATES FIRE INSURANCE COMPANY, the Home Insurance Company, and Risk Enterprise Management Limited, Defendants.

No. 03 C 988.
|
May 14, 2003.

### MEMORANDUM AND ORDER

MANNING, J.

**\*1** The defendants contend, among other things, that they were entitled to remove this case because the plaintiff fraudulently joined a non-diverse party. The plaintiff unsurprisingly disagrees and seeks an order remanding this action back to state court. For the following reasons, the motion to remand is granted.

### Discussion

The defendant in a removed action bears the burden of establishing that the requirements for diversity jurisdiction have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997). 28 U.S.C. § 1332 requires complete diversity and an amount in controversy greater than $75,000. In this complex insurance dispute, more than $75,000 is clearly at issue. The motion to remand focuses on the parties' citizenship. We begin with the defendants, as determining their citizenship is straightforward.

A corporation is a citizen of: (1) the state in which it is incorporated; and (2) the state in which it has its principal place of business. 28 U.S.C. § 1332. Defendant United Fire Insurance Company is a New York corporation with its principal place of business in New Jersey, Home Insurance Company is a New Hampshire corporation with its principal place of business in New York, and Risk Enterprise Management is a Delaware corporation with its principal place of business in New York. This court's jurisdiction is thus secure if the plaintiff is not a citizen of New York, New Jersey, New Hampshire, or Delaware.

Plaintiff Arvida/JMB Managers filed suit on behalf of Arvida/JMB Partners, a Delaware limited partnership. Because Arvida/JMB Managers brought this action on behalf of another entity, Arvida/JMB Partners, only the citizenship of Arvida/JMB Partners (hereinafter "Arvida") is relevant. *National Assoc. of Realtors v. National Real Estate Assoc., Inc.,* 894 F.2d 937, 939 (7th Cir.1990) (where not-for-profit corporation sued on behalf of its members, who were the real parties in interest, the members' citizenship was dispositive for the purposes of diversity jurisdiction). A limited liability company like Arvida is a citizen of every jurisdiction of which any partner is a citizen. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96 (1990); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998). The parties vigorously disagree as to the citizenship of virtually all of Arvida's members. They do, however, agree that the inclusion of Risk Enterprise Management destroys diversity jurisdiction as it is one of Arvida's partners, which makes Arvida a citizen of the same states as Risk Enterprise Management.

The defendants ask the court to ignore this problem, contending that Arvida fraudulently joined Risk Enterprise Management. Joinder of non-diverse parties does not destroy diversity jurisdiction if the joinder is fraudulent. *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax,* 34 F.3d 1310, 1315 (7th Cir.1994). Fraudulent joinder exists when, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against an in-state defendant." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992).

**\*2** As the removing parties, the defendants bear the "heavy burden" of establishing that diversity jurisdiction is improper. *Id.* To do this, they must prove either that Arvida: (1) has no chance of success against the non-diverse defendant; or (2) has fraudulently pled jurisdictional facts. *Id.* The defendants have not argued the latter, so the court's analysis is limited to consideration of whether Arvida can state a colorable cause of action against Risk Enterprise Management.

Arvida alleges that Risk Enterprise Management runs all of Home Insurance's business affairs, and that Home Insurance, acting through its agent, Risk Enterprise Management refused to abide by its contractual obligations under Home Insurance's excess policy. Second Amended Complaint at ¶¶ 80 & 82. Arvida also seeks a declaration that Home Insurance is obligated to defend and indemnify it with respect to certain litigation. *Id.* at Counts II and IV. In connection with this request, it seeks an order requiring Risk Enterprise Management to effectuate this relief through its administration of Home Insurance's business affairs. *Id.*

According to the defendants, these claims relate to Risk Enterprise Management because it acted as the alleged wrongdoer's agent, but do not seek any actual relief from Risk Enterprise Management. The defendants thus conclude that Arvida's complaint does not include any claims directly against Risk Enterprise Management. It is true that Risk Enterprise Management did not issue the policy on behalf of Home Insurance and that it is not a party to any of the policies at issue in this case. But to permit joinder of Risk Enterprise Management only if at least one of these things occurred is to paint with too broad a brush.

An entity who has an interest in the determination of questions raised in declaratory actions should be before the court when those questions are resolved. *See Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Co.,* 416 F.2d 707, 710 (7th Cir.1969). An "interest" arises if that entity may be affected in some way by the judgment. *See In re Korhumel Industries, Inc.,* 103 B.R. 917, 924–25 (N.D.Ill.1989) (although debtor did not seek relief directly from entity, that entity was nevertheless a proper party because if the debtor obtained the declaratory relief it sought, the entity would be affected); *Innkeepers Telemangement and Equipment Corp. v. Hummert Management Group, Inc.,* No. 92 C 8416, 1994 WL 478491 \*6 (N.D.Ill. Aug. 30, 1994) (in contract dispute between a hotel and a provider of telephone equipment and services, the fact that hotel managers would be affected by the resolution of the declaratory judgment action gave them "at least some arguable interest in the outcome of the declaratory judgment action" and thus meant they were properly named as defendants); *see also In re Management Data Services, Inc.,* 43 B.R. 962, 965 (W.D.Wa.1984) (where disposition of case could potentially bar attorney from representing clients in certain future cases, attorney had a sufficient interest in the matter to be named as a party). Moreover, as noted above, the court must resolve all issues of law in Arvida's favor. *See Poulos v. Naas Foods, Inc.,* 959 F.2d at 73.

**\*3** Arvida seeks a declaration that Home Insurance is obligated to defend and indemnify it with respect to certain litigation. In connection with this request, it seeks an order requiring Risk Enterprise Management to effectuate this relief through its administration of Home Insurance's business affairs. Risk Enterprise Management is thus indisputably not a major player in this case.

Nevertheless, an entity need not be a major player to be a proper party. The disposition of the claims against Home Insurance potentially affects what actions Risk Enterprise Management may have to take in the future, and this is enough to make it a proper party. This is especially true given that the court must resolve all issues of law in Arvida's favor. *See Poulos v. Naas Foods, Inc.,* 959 F.2d at 73. The inclusion of Risk Enterprise Management means that the parties are not completely diverse. Accordingly, this case must be remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c), based on lack of subject matter jurisdiction.

*Conclusion*

For the reasons specified above, Arvida's motion to remand [14–1] is granted, and this case is remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(c), based on lack of subject matter jurisdiction.

**All Citations**

Not Reported in F.Supp.2d, 2003 WL 21148841

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.